LEWIS HART v. THE STATE OF TEXAS.

1. Defendant was indicted for an assault upon one Persons; *held*, the omission to add the final letter to the name of Persons not such a change in the name as would vitiate the indictment.
2. A verdict of guilty of assault with "attempt to murder," on an indictment for assault with intent to murder, is sufficiently definite to render judgment upon.

APPEAL from Caldwell. Tried below before the Hon. Henry Maney.

The facts appear in the opinion.

*Nix & Story*, and *James H. Burts*, for appellant.

*Attorney-General*, for the State.

OGDEN, J.—The appellant in this case was indicted for an assault upon one Rolan Persons, with "intent to kill and murder the said Rolan Person." We think the omission to add the final letter to the name of Persons in the closing part of the indictment not such a change in the name as would vitiate the indictment; particularly as the name was frequently used and correctly spelled in

the former part of the indictment, and then, finally, the party assaulted was referred to as "the said Rolan Person." There can be no doubt, from the language of the indictment, that the person charged to have been assaulted is identical with the one the defendant is accused of intending to murder, and the clerical omission of the final letter in this case in nowise decreases the certainty of the indictment.

Neither is the objection to the verdict of the jury well taken. It can hardly be expected that the verdict of juries will always be in precise conformity with the letter of the law, nor in the technical language of the books; and therefore, if the verdict of a jury is entirely responsive to the charge in the indictment and the law, and is clear and intelligible, it is sufficient, though a different word may have been substituted in the verdict for one in the charge or the law, provided that substituted word conveys the same meaning as the one for which it is used. In the case at bar the jury found the defendant guilty of an assault with "attempt to murder." The word "attempt," in this connection, conveys the same idea as "intent;" and, as counsel suggests, it signifies something more, for it not only implies a purpose and action of the mind, but it also signifies an action of the body to put in execution the intent or purpose of the mind. We think the verdict sufficiently definite and clear, and a response to the law and the charge.

There is an error in the fourth clause of the charge of the court to the jury, wherein they are instructed that "if defendant shot Persons and did not intend to murder him, then he is guilty of an aggravated assault or battery;" thus entirely precluding from the consideration of the jury the right of self-defense, or the innocency of an unavoidable accident, and to that extent it might be considered as charging upon the weight of evidence; but as

there was no evidence to raise a presumption of self-defense or accident, that error could not affect injuriously the rights of appellant, and therefore will not require a reversal of the case on that account.

The facts as proven did not require that the jury should be particularly instructed in regard to manslaughter, as under our law and the evidence of the case the appellant could not have been convicted of manslaughter, or of an assault with intent to commit manslaughter. Judging from the evidence, we fully agree with his honor the judge who tried the case, that the appellant is guilty of an assault with intent to murder, or of an aggravated assault and battery; and the jury have said he is guilty of an assault with intent to murder, and we are not inclined to disturb their verdict. The judgment is therefore affirmed.

AFFIRMED.