### ALICE SKINNER v. STATE.

#### No. 2323.    Decided March 5, 1913.

**1.—Theft—Indictment—Different Offenses.**

Where defendant was indicted for a misdemeanor theft in one count and in another for pulling down and injuring the fence of another, which grew out of the same transaction, there was no error in overruling a motion to quash on the ground that the offenses charged did not arise out of the same transaction.

**2.—Same—Sufficiency of the Evidence.**

Where a conviction of theft of wire was supported by the evidence, there was no error.

**3.—Same—Name of Injured Party—Indictment.**

Where the allegation of the party injured was such that it could not mislead anyone, and that the use of another name which had no connection with the transaction was clearly a clerical error and could not vitiate the indictment, there was no error in overruling a motion to quash. Following Bailey v. State, 63 Texas Crim. Rep., 584.

**4.—Same—Verdict—Words and Phrases.**

Where the verdict used the word "jurors" instead of the word "jury," the same was, nevertheless, sufficient under the statute.

**5.—Same—Assignment of Errors—Practice on Appeal.**

This court cannot consider questions raised by assignment of errors like in the civil courts, but is restricted to questions raised by bills of exception or motion for new trial.

Appeal from the County Court of Coke. Tried below before the Hon. G. S. Arnold.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $25 and one day confinement in the county jail.

The opinion states the case. The evidence showed that the offenses charged grew out of the same transaction.

*W. C. Merchant* and *D. I. Durham*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.—On question of sufficiency of indictment: Day v. State, 21 Texas Crim. Rep., 214.

PRENDERGAST, JUDGE.—Appellant was indicted in two counts, —the first charging that he did unlawfully break, pull down and injure the fence of F. C. Matthers without his consent. The other charges theft of wire from said Matthers of the value of $1. Both counts were submitted to the jury for a finding by the court. The jury by its verdict found him guilty of theft under the second count and assessed his punishment at a fine of $25 and one day in jail.

No motion whatever was filed in the lower court, other than a motion for new trial. The questions raised by that motion are also presented by bill of exceptions to the overruling of the motion for new trial on that particular ground. The evidence is amply sufficient to sustain

the verdict.    There are but three questions raised necessary to be decided.

One is appellant claims that the indictment was invalid because there were two counts therein, claiming that they did not arise out of the same transaction and, therefore, the conviction could not be sustained. This has many times and uniformly been decided against appellant by this court and is unquestionably settled.   Gould v. State, 66 Texas Crim. Rep., 112, 147 S. W. Rep., 247; Tucker v. State, 65 Texas Crim. Rep., 627, 145 S. W. Rep., 611, and cases cited in both of these decisions.

Another question appellant raises is that the second count of the indictment is fatally defective in that in the last part thereof, instead of giving the name F. C. Matthers, it gives the name F. C. Manner. No motion was made to quash or in arrest of judgment on that account. In order to show this question fully, we will quote that count in the indictment, omitting the first and formal parts thereof.   It is: ''That Alce Skinner in the County of Coke and State of Texas, did on or about the 1st day of February, 1912, unlawfully and fraudulently take from and out of the possession of F. E. Matthers one hundred and fifty feet of wire, the same then and there being the corporeal personal property of the said F. C. Matthers and being of the value of one dollar, the said wire being taken without the consent of the said F. C. Matthers from the possession of the said F. C. Matthers and with the intent then and there on the part of him the said Alce Skinner to deprive the *said* F. C. *Manner* of the value of said wire and with the intent to appropriate the same to the use and benefit of him the said Alce Skinner.''   By the testimony and in no other way in the record is any one by the name of ''Manner'' in any way connected with the transaction.

Taking this count of the indictment as a whole, it is perfectly apparent that by some clerical error the name ''F. C. Matthers'' was given as ''F. C. Manner.''   But the use of the name ''Manner'' at the place where it is, instead of the name ''Matthers'' could not and did not mislead appellant, nor anyone else.   In view of our statutes on the subject of the certainty required in indictments, this indictment is perfectly good and the court did not err in not granting a new trial on that ground of appellant's motion for new trial.   Bailey v. State, 63 Texas Crim. Rep., 584; Compton v. State, 67 Texas Crim. Rep., 15; 148 S. W., 580; Ferrell v. State, 152 S. W. Rep., 901; Martinez v. State, 51 Texas Crim. Rep., 584; Emmons v. State, 43 S. W., 518; Rowan v. State, 57 Texas Crim. Rep., 625; Feeny v. State, 62 Texas Crim. Rep., 585, and authorities there cited; Gentry v. State, 62 Texas Crim. Rep., 497.

The other complaint is that the verdict of the jury is insufficient and fatally defective.   The complaint on this point is that where it says, ''we, the *jurors,* find,'' it should say, ''we, the *jury* find.''   In our opinion while the word ''jury'' is usually used in verdicts and the

forms prescribed that word to be used, the word "jurors," instead, clearly means and is the same thing. The verdict is unquestionably sufficient. Sec. 897 White's Ann. C. C. P.

This court can not consider questions raised by assignment of error like the civil courts do. We are restricted by the statute to questions raised by bills of exception or in the motion for new trial. The evidence, being amply sufficient to sustain the verdict in this case, there is no other question raised necessary to discuss or decide. The judgment is affirmed.

*Affirmed.*