Clark Edward McNEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 59898.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 14, 1980.

Rehearing Denied July 16, 1980.

Emmett Colvin and David L. Botsford,
Dallas, for appellant.

Henry M. Wade, Dist. Atty., Fred C.
McDaniel and Michael R. Gillett, Asst. Dist.
Attys., Dallas, Robert Huttash, State's
Atty., Austin, for the State.

. Before PHILLIPS, TOM G. DAVIS and
DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for
the offense of murder; the punishment is
imprisonment for twenty years.

The appellant asserts that: the indict-
ment is fatally defective; there is a fatal
variance between the allegations of the in-
dictment and the proof; he was improperly
indicted for an offense under V.T.C.A. Pe-
nal Code, Sec. 19.02(a)(1).

The indictment charges that:

"Clark Edward McNeal hereinafter
styled Defendant, on or about the 1 day
of April in the year of our Lord One
Thousand Nine Hundred and 77 in the
County and State aforesaid, did unlawful-
ly then and there intentionally and know-
ingly cause the death of Lena Mae *Wil-
liams*, an individual, by shooting the said
Lena Mae *William* with a pistol." (Em-
phasis added.)

The appellant complains of the spelling of
the complainant's name, first as Williams
then as William. *Hart v. State*, 38 Tex. 382
(1873) is directly in point and the holding
there requires the rejection of the appel-
lant's contention here. There the assaulted
complainant's name was Rolan *Persons*.
That name was first correctly spelled in the
indictment but thereafter the name was
alleged as the "said Rolan *Person*." "S",
the final letter was omitted from the name
of the complainant Persons in that case just
as "s", the final letter was omitted from the
name of the complainant Williams in the

instant case. The Supreme Court in *Hart v. State*, supra, held the indictment good and said:

"There can be no doubt, from the language of the indictment, that the person charged to have been assaulted is identical with the one the defendant is accused of intending to murder, and the clerical omission of the final letter in this case in nowise decreases the certainty of the indictment."

It is obvious that "said Lena Mae William" is the same individual first referred to as "Lena Mae Williams." The spelling omitting the "s" from the complainant's name is an obvious typographical error. Objection to this typographical error was first made post trial in appellant's appellate brief. We hold that this typographical error does not present reversible error. There is additional authority for our holding. See *Henry v. State*, 7 Tex.App. 388 (1879); *Holt v. State*, 39 Tex.Cr.R. 282, 45 S.W. 1016 (1898); *Skinner v. State*, 69 Tex.Cr.R. 488, 154 S.W. 1007 (Tex.Cr.App.1913).

Throughout the record in allegations and testimony except for the second allegation of the name in the indictment the complainant is referred to as Lena Mae Williams. Since we have found that the spelling of complainant's name omitting the "s" was a typographical error and that the allegation "*said* Lena Mae William" referred to Lena Mae Williams we find no variance between the allegations of the indictment and the proof.

■ The appellant says he was improperly indicted under the provisions of V.T.C.A., Penal Code, Sec. 19.02(a)(1) rather than Sec. 19.02(a)(2) because the latter section is a more specific provision than the former. Neither of the sections of the statute is more specific than the other. Each of the sections is intended for use in different situations and neither provision is in conflict with the other. The rule that requires that a special provision of the statute be applied rather than the general provision is a rule of construction that is resorted to in the event of a conflict between the provisions of the statute. *Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977).

The appellant also complains that since the appellant was indicted under the provisions of Sec. 19.02(a)(1) it was necessary for the State to rely on the doctrine of transferred intent, V.T.C.A. Penal Code, Sec. 6.04, and the presumption of an intent to kill which would have been unnecessary if he had been indicted under the provisions of V.T.C.A. Penal Code, Sec. 19.02(a)(2). In *Williams v. State*, 567 S.W.2d 507 (Tex.Cr. App.1978), a recent panel opinion, it was said:

"We reject appellant's contention that, by providing three separate situations in which murder is committed under § 19.-02(a)(1), (2) and (3) the Legislature intended that § 6.04 would only apply to 19.02(a)(2) and (3) and would not apply to 19.02(a)(1). Contrary to appellant's contention, it clearly appears that the Legislature intended Title 2, § 6.04 to apply to 19.02(a)(1). See V.T.C.A. Penal Code, § 1.02; Article 5429b–2, V.A.C.S.; *Blansett v. State*, Tex.Cr.App., 556 S.W.2d 322; *Martinez v. State*, Tex.Cr.App., 533 S.W.2d 20; *Dockery v. State*, Tex.Cr. App., 542 S.W.2d 644; *Braxton v. State*, Tex.Cr.App., 528 S.W.2d 844. We conclude that the trial court did not err in charging the jury on the law under V.T. C.A. Penal Code, § 6.04(b)(2) and overrule appellant's fifth ground of error."

The appellant was properly indicted under the provisions of V.T.C.A. Penal Code, Sec. 19.02(a)(1), and the evidence supports the allegations of the indictment.

The judgment is affirmed.