**In the Matter of K.W.G., a Child.**

No. 06–96–00081–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 19, 1997.

Decided Sept. 3, 1997.

Rehearing Overruled Sept. 30, 1997.

Sydney Young, Paris, for appellant.

Karla R. Baugh, Asst. County Atty., Paris, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

K.W.G. appeals his adjudication of delinquency for having committed the offenses of arson, burglary, and aggravated assault against three individuals. He raises issues of double jeopardy, insufficient evidence, charging error, pleading insufficiency, and improper deadly weapon findings. We affirm the judgment.

On New Year's Eve of 1996, K.W.G., along with two other juveniles, broke into an elementary school building in Lamar County. They vandalized the building and its contents extensively and ultimately set fire to the building, doing more than $700,000.00 damage. Three volunteer firemen who fought the blaze were injured. K.W.G. was charged with burglary, criminal mischief, arson, and three counts of aggravated assault. He was charged and adjudicated pursuant to the violent offender juvenile determinate sentence provisions of TEX. FAM.CODE ANN. § 53.045 (Vernon 1996).

K.W.G. pleaded true to the criminal mischief, burglary, and arson charges, but the State abandoned the criminal mischief charge, and it was not submitted to the jury. K.W.G. pleaded not true to the aggravated assault charges, and in a jury trial he was found to have committed the offenses as alleged. The court in its disposition order committed K.W.G. to the Texas Youth Commission for ten years on each of the aggravated assaults as determinate sentences, and made a deadly weapon finding as to the aggravated assaults against Bart Hayes and Grady Dobbs. The order assessed an indeterminate sentence on the other charges.

K.W.G. first contends that the adjudications for arson, burglary, and aggravated assault violated the prohibitions against double jeopardy found in the United States and Texas Constitutions[1] because the offenses were part of the same transaction. We reject this contention.

Double jeopardy does not prevent the prosecution of a person for multiple offenses if each offense requires proof of an element that the other offenses do not. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Phillips v. State*, 787 S.W.2d 391 (Tex.Crim.App.1990). Moreover, the prohibition against multiple punishments is not violated if the multiple offenses are prosecuted in one proceeding and the punishments do not exceed the punishments the Legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). And double jeopardy does not prohibit prosecutions for aggravated assault of each of several individual victims, even though the assaults were committed in the same criminal transaction. Aggravated assault is a result-oriented offense that is complete with the injury of a single individual. *Phillips v. State*, 787 S.W.2d 391.

In this case, the offenses of burglary and arson each required proof of an element that the other did not. Likewise, the three aggravated assaults required proof of an element that the others did not, i.e., the identity of the individual victim. There was no violation of double jeopardy.

K.W.G. also contends that the arson and aggravated assault statutes are *in para materia* and, therefore, he should have been prosecuted under the more specific statute, i.e., arson. The rule of *in para materia* provides that when two statutes deal with the same subject, one in a comprehensive way and one with a portion of the same subject in a more definite way, the more specific statute will govern the situation to the exclusion of the more general statute. Tex. Gov't Code Ann. § 311.026 (Vernon 1988). Statutes are not *in para materia*

unless they deal with the same subject matter, persons, or purpose. If they are not *in para materia*, they are construed and applied in accordance with their plain wording. *Cheney v. State*, 755 S.W.2d 123 (Tex.Crim. App.1988); *Ex parte Wilkinson*, 641 S.W.2d 927, 931 (Tex.Crim.App.1982); *Ex parte Smith*, 849 S.W.2d 832 (Tex.App.–Amarillo 1992, no pet.); *Taylor v. State*, 805 S.W.2d 609, 611 (Tex.App.–Texarkana 1991, no pet.).

The arson and aggravated assault statutes do not deal with the same subject matter, persons, or purposes. They deal with entirely different offenses. They are designed to protect different things—the law against arson is designed to prevent injury to property; laws against assault are designed to protect persons. The acts constituting the two offenses are completely different, and they are not *in para materia*.

K.W.G. next contends there is legally and factually insufficient evidence to support an adjudication of guilt on the three aggravated assault charges.

In determining the legal sufficiency of the evidence, we decide whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 573 (1979); *Clewis v. State*, 922 S.W.2d 126, 132 (Tex. Crim.App.1996). In reviewing the factual sufficiency of the evidence, we view all of the evidence without viewing it in the light most favorable to the verdict, and we set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d at 135. If reasonable minds could differ about the conclusions to be drawn from the evidence, we will not disturb the conclusion of the fact finder. *Clewis v. State*, 922 S.W.2d at 135.

A person commits an aggravated assault if he commits an assault and (1) causes serious bodily injury to another or (2) uses or exhibits a deadly weapon during the commission of

---

**1.** U.S. Const. amend. V; Tex. Const. art. I, § 14.

the assault. TEX. PENAL CODE ANN. § 22.02(a) (Vernon 1994). The actor must act either intentionally, knowingly, or recklessly.

The petition charged K.W.G. with recklessly causing serious bodily injury to Mike Smith, Bart Hayes, and Grady Dobbs. The jury was instructed that a person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur, and such disregard constitutes a gross deviation from the standard of care exercised by an ordinary person. TEX. PENAL CODE ANN. § 6.03(c) (Vernon 1994); *Lewis v. State,* 529 S.W.2d 550, 553 (Tex.Crim.App.1975).

■ There is evidence that K.W.G. and his two companions were aware of the dangers of fire, because they attended schools where educational programs teaching the dangers and consequences of fires were presented to the students. In the classes, students were taught fire prevention, fire safety, and the well-known dangers associated with fire, including the danger to fire fighters who respond to fires. One of the juveniles testified that K.W.G. actively participated in lighting the fire at the school and that "they" knew when they set the fire that it was dangerous and that they fully expected that law enforcement officers and firemen would come to the scene and try to put out the fire. An administrative assistant to the superintendent of the school district testified that children of similar age and intelligence to K.W.G. understood the danger of setting a building on fire and the risk that responding firemen might be injured.

We find legally sufficient evidence to support a finding that K.W.G. recklessly caused serious bodily injury to Smith, Hayes, and Dobbs by causing the fire at the school building.

We also find the evidence factually sufficient. Indeed, there is no direct evidence to the contrary. The only contentions that K.W.G. raises to disprove recklessness are that he did not perceive a risk to the specific firemen and there is no proof that he actually attended the fire prevention classes at his school. K.W.G. points to the fact that he and his companions knew there was no one else in the building when they set the fire.

■ Knowledge and disregard of a risk to a specific person or a specific kind of risk is not required. It is sufficient if the actor was aware of and disregarded a risk to a general class of probable victims. There is evidence of that here. The fact that there is no proof that K.W.G. actually attended fire prevention classes does not defeat the State's case. There is ample circumstantial evidence that he knew of the dangers and risk of setting a building on fire, and there is direct evidence that he and his companions knew of the possible danger to responding firemen.

Moreover, there is direct and uncontroverted evidence that K.W.G. committed criminal mischief by vandalizing the school building. Under the doctrine of transferred intent set out in TEX. PENAL CODE ANN. § 6.04 (Vernon 1994), if K.W.G. intended to commit criminal mischief and instead committed aggravated assault, he would be guilty of aggravated assault. Section 6.04 provides that "a person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that (1) a different offense was committed; . . . ."

K.W.G. argues that the transferred intent contemplated by Section 6.04 cannot be "stacked," but can only be "transferred," meaning that the actor cannot be found guilty of both offenses. That argument is inapposite here, however, because K.W.G. has not been adjudged guilty of criminal mischief. He was initially charged with that offense, but the State abandoned the charge, and it was not submitted for adjudication.

In a related point pertaining to transferred intent, K.W.G. asserts that there is a variance between the allegations of the petition and the court's charge. Transferred intent was not alleged in the petition, but it was given in the charge as an alternative method of finding responsibility.

In this connection, it is necessary for us to determine if, as to alleged charge error, the civil or criminal rules of analysis apply.

Although juvenile proceedings in Texas are technically classed as civil matters, they are at least quasi criminal. They implicate both federal and state due process and other constitutional rights in criminal contexts. *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). As charging errors affect the substantive rights of juveniles, we will use the criminal standards to review for error and in making any harm analysis.

The essence of K.W.G.'s complaint in this regard is that, if transferred intent is to be relied upon to support the adjudications for aggravated assault, it should have been pleaded. We disagree. There has never been a requirement to plead transferred intent in ordinary criminal cases. *Dowden v. State,* 758 S.W.2d 264 (Tex.Crim. App.1988); *McNeal v. State,* 600 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1980); *Garcia v. State,* 791 S.W.2d 279 (Tex.App.–Corpus Christi 1990, pet. ref'd). We see no reason why this case, governed as it is by criminal law procedure standards, should be governed by a different rule, so long as adequate notice of the charged acts is given. As the State points out in its brief, the petition in this case adequately alleged intent when it alleged that K.W.G. recklessly caused serious bodily injury to the three firemen. It also alleged that he caused such bodily injury while engaged in conduct that also amounted to criminal mischief.

K.W.G relies on the case of *L.G.R. v. State,* 724 S.W.2d 775 (Tex.1987), as support for his contention that transferred intent should be alleged in the charging instrument. That case is inapposite. There, the petition alleged that the juvenile set fire to a building, but the proof showed that he set fire to a vehicle. The court held that the juvenile had insufficient notice of the conduct charged. In fact, in *L.G.R.* the State did not allege at all that the juvenile burned the building, but only that he burned the vehicle. In our case, the petition fully and completely alleged all the conduct with which K.W.G. was charged. Thus, we do not have the notice problem that existed in *L.G.R.*

Additionally, K.W.G. did not object at trial to the transferred intent portions of the court's charge. Under the standard set out in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984), we find that the inclusion of the instruction in the absence of a pleading did not cause K.W.G. egregious harm.

K.W.G. also asserts that there is insufficient evidence to prove that he used fire as a deadly weapon. He bases his contention, not on the proposition that fire may not be a deadly weapon when it is used to endanger persons, but on the proposition that there was no intent on his part to harm anyone by using the fire. We reject this contention. There is no requirement that a defendant intend to cause death or serious bodily injury in order for an instrument of crime to be used as a deadly weapon. *Roberts v. State,* 766 S.W.2d 578, 579 (Tex.App.– Austin 1989, no pet.). It is sufficient that the instrument, as used by the defendant, was capable of causing death or serious bodily injury.

Finally, K.W.G. asserts that the trial court erred in entering a deadly weapon finding in the judgment as to the aggravated assaults against Hayes and Dobbs. The basis of his assertion in this point is that he was convicted as a party to the aggravated assault of Hayes and Dobbs.

In the case of *In re A.F.,* 895 S.W.2d 481 (Tex.App.–Austin 1995, no writ), the court held that when a juvenile is convicted as a party, a deadly weapon finding cannot be made unless the fact finder makes a specific finding that the juvenile personally used or exhibited a deadly weapon. That case, however, does not govern our case. Here, there is legally and factually sufficient evidence, both direct and circumstantial, for the jury to have found that K.W.G. personally participated in setting the fire. His adjudication of guilt can therefore rest on his acts as a principal, rather than as a party. That being true, the trial court properly entered the deadly weapon finding, because the petition alleged the use of a deadly weapon and the jury answered "We do" to the question whether K.W.G. committed the offense of aggravated assault on Hayes and Dobbs "as alleged in ... the petition in this case."

That is sufficient to authorize the entry of the deadly weapon finding. *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985).

For the reasons stated, the judgment of the trial court is affirmed.