NO. 07-00-0365-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 12, 2001



______________________________




JOAQUIN VILLARREAL CASTILLO, APPELLANT



V.



THE STATE OF TEXAS
, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 39,816-B; HONORABLE WILLIAM R. SHAVER, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Upon a plea of not guilty, appellant Joaquin Villarreal Castillo was convicted by a
jury of murder and punishment was assessed at 99 years confinement. In presenting this
appeal, counsel has filed an Anders (1) brief in support of a motion to withdraw. Based upon
the rationale expressed herein, the motion to withdraw is granted, the appeal is abated,
and the cause is remanded to the trial court for appointment of new counsel.

 In support of her motion to withdraw, counsel has certified that she has diligently
reviewed the record and, in her opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
discussed why, under the controlling authorities, there is no error in the court's judgment. 
Counsel has also shown that she sent a copy of the brief to appellant, and informed
appellant that, in counsel's view, the appeal is without merit. In addition, counsel has
demonstrated that she notified appellant of his right to review the record and file a pro se
brief if he desired to do so. Appellant did not file a pro se brief and the State did not favor
us with a brief. 

 Counsel presents three arguable points in the Anders brief, to wit: (1) the evidence
is legally insufficient to support appellant's conviction; (2) the evidence is factually
insufficient; and (3) the trial court erred in instructing the jury on the concept of transferred
intent in the jury charge during the guilt/innocence phase of the trial. Counsel then
presents argument supported by authorities and record references establishing that no
reversible error is presented.

 The record establishes that on the night of June 18, 1998, Matt Coots and some
friends were visiting on his front porch. A speeding car prompted Coots to yell at the driver
to slow down. Coots and his friends moved from the porch toward the street. Kenneth
Malone was sitting on the hood of a car with his fiancee positioned in front of him. A
second car driven by appellant also sped by prompting Coots to yell at appellant to slow
down. In response, appellant leaned out the car window holding a gun and fired a shot
that struck Malone in the head causing his death. An autopsy confirmed that Malone died
from a circular bullet wound on his right eyebrow.

 Brandy Wagner testified that appellant called her just hours after the shooting
claiming he shot someone in the forehead after being shouted at to slow down. She did
not take appellant seriously until she heard the crime reported on the news. She sought
out an officer and informed him that she had information about the shooting. Kim
Phonsnasinh, a passenger in appellant's car on the night of the shooting, testified that
appellant became upset when Coots yelled at him to slow down and confirmed that he
leaned out the window and shot a small handgun. Mary Lomeli, also a passenger in
appellant's car, likewise testified that he shot out the window after being told to slow down.

 The defense attempted to show that appellant did not aim the gun at anyone and
thus, the evidence was insufficient to establish that he intentionally or knowingly caused
Malone's death. However, a person acts intentionally or knowingly with respect to a result
of his conduct when he is aware that his conduct is reasonably certain to cause the result. 
Tex. Pen. Code Ann. § 6.03(a) and (b) (Vernon 1994) (defining culpable mental states of
intentionally and knowingly). Firing a weapon toward a group of people supports the
rational conclusion that appellant was aware that his conduct was reasonably certain to
result in death. Medina v. State, 7 S.W.3d 633, 636-37 (Tex.Cr.App. 1999).

 Viewing the evidence presented in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of murder beyond a
reasonable doubt. (2) See Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991),
overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). 
In conducting a factual sufficiency review, we ask whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the fact finder's determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual
sufficiency formulation); see also King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). 
Eye witnesses testified that appellant fired a shot out his car window when Coots shouted
at him to slow down, resulting in Malone's death. Also, Brandy Wagner testified that
appellant telephoned her and told her he had shot someone in response to being told to
slow down. The evidence is legally and factually sufficient to establish that appellant
caused Malone's death. Thus, we agree with counsel that no reversible error is presented
on the basis of insufficient evidence.

 Counsel's third arguable contention is that the trial court erred in instructing the jury
on transferred intent. The charge provided an abstract instruction on the law of transferred
intent in accordance with section 6.04(b)(2) of the Texas Penal Code and then applied the
law to the facts as follows:

 if you believe from the evidence beyond a reasonable doubt, that the
defendant . . . intending to cause the death of Matt Coots by shooting him
with a firearm, did then and there cause the death of . . . Kenneth James
Malone, by shooting [him] with a firearm, you will find the defendant guilty of
the offense of murder and so say by your verdict.

 

After the charge was examined by trial counsel he stated it was acceptable. When no
objection is made to the charge, only egregious error may be reviewed on appeal. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1985) (on reh'g).

 The evidence established that after Coots shouted at appellant to slow down,
appellant responded by firing his gun out the car window. Under the doctrine of
transferred intent, appellant's intent to harm Coots transferred to Malone and he was just
as guilty as if he had shot Coots. Martinez v. State, 844 S.W.2d 279, 282 (Tex.App.-San
Antonio 1992, pet. ref'd), citing Garrett v. State, 642 S.W.2d 779, 781 (Tex.Cr.App. 1982). 
Although the State did not allege transferred intent in the indictment, the inclusion of the
instruction in the charge is not considered egregious harm. See In Re K.W.G., 953
S.W.2d 483, 488 (Tex.App.-Texarkana 1997, pet. denied). We agree with counsel that
no reversible error is presented in the court's charge.

 We are required to make an independent examination of the entire record to
determine whether there are any arguable grounds that might support the appeal. Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). On October 29, 1998, appellant was indicted for a murder
allegedly committed on June 18, 1998. Prior to and after the appointment of new counsel,
appellant filed numerous pro se motions. On July 27, 1999, he filed a "Petition For
Release Because of Delay" as well as a "Motion for Fast and Speedy Trial," contending
that more than one year had elapsed since he was first taken into custody and the State
had not proceeded to trial. On April 27, 2000, appellant filed a pro se motion to dismiss
asserting that 21 months had passed since he was arrested and that the State had failed
to proceed to trial in violation of his Sixth Amendment right and Article I, Section 10 of the
Texas Constitution. (3) The record does not indicate that any motions for continuance were
sought. Our independent review of the record reveals that appellant may have an
arguable contention regarding his claim that he was denied his right to a speedy trial.

 The right to a speedy trial is guaranteed by the Sixth Amendment of the United
States Constitution and applies to the states through the Fourteenth Amendment. See
Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-17 (1972). 
Additionally, Article I, Section 10 of the Texas Constitution and article 1.05 of the Texas
Code of Criminal Procedure Annotated (Vernon 1977) guarantee a speedy trial. In
determining whether an accused was denied his right to a speedy trial, an appellate court
is required to balance four factors, to-wit: 1) the length of the delay; 2) reason for the
delay; 3) assertion of the right; and 4) prejudice to the accused, to determine whether a
defendant's right to a speedy trial has been violated. Id. at 530-32; State v. Munoz, 991
S.W.2d 818, 821 (Tex.Cr.App. 1999). No single factor is a "necessary or sufficient
condition to the finding" of a speedy trial violation, and these factors must be considered
in conjunction with other relevant circumstances. Munoz, 991 S.W.2d at 821, citing
Barker, 407 U.S. at 533. 

 Having found an arguable ground for appeal, this Court must ensure appellant's
right to counsel by permitting appellant's present counsel to withdraw and requiring the
appointment of new counsel to rebrief whether a 21-month delay is sufficient to trigger a
speedy trial analysis under Harris v. State, 827 S.W.2d 949, 956 (Tex.Cr.App. 1992), cert.
denied, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). Counsel is also directed
to raise any other grounds he believes might support the appeal. Stafford v. State, 813
S.W.2d 503, 510 (Tex.Cr.App. 1991).

 To secure the appointment of new counsel, we now abate the appeal and remand
the cause to the trial court. Duncan v. Evans, 653 S.W.2d 38, 40 (Tex.Cr.App. 1983). 
Upon remand, the trial court shall appoint new counsel to brief the ground we deem
arguable, as well as any other grounds that might support the appeal. The trial court shall
direct counsel to file appellant's brief within 30 days after his appointment and shall furnish
the name, address, telephone number, and state bar number of new counsel to the Clerk
of this Court immediately after the appointment is ordered.

 It is so ordered.

 Per Curiam

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Tex. Pen. Code Ann. § 19.02(b) (Vernon 1994).
3. Although appellant filed numerous pro se documents, he was represented by four
different appointed counsel during the course of the underlying proceeding.