NO. 07-04-0062-CR

NO. 07-04-0063-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 2, 2004

______________________________

DAMON SHARP, 

APPELLANT

v.

THE STATE OF TEXAS, 

APPELLEE

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2002-439,868 & 2002-439,869; HON. BRADLEY UNDERWOOD, PRESIDING

_______________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Damon Sharp (appellant) appeals his two convictions for injury to a child.  Pursuant to a plea of nolo contendere, but without benefit of an agreed recommendation from the State as to punishment, the trial court found him guilty and assessed punishment at life imprisonment for the offense prosecuted under cause number 2002-439,868 and ten years imprisonment for the offense prosecuted under cause number 2002-439,869.  Appellant now appeals the convictions. 

Appellant's appointed counsel filed motions to withdraw, together with 
Anders
(footnote: 1) briefs, wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeals are without merit.  Along with his briefs, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal 
pro se.
  By letter dated April 28, 2004, this court notified appellant of his right to file his own briefs or responses by May 27, 2004, if he wished to do so.  To date, appellant has failed to file a response or a motion for extension of time to file same. 

In compliance with the principles enunciated in 
Anders
, appellate counsel discussed three potential areas for appeal which were founded upon 1) the voluntariness of appellant’s plea, 2) the sufficiency of evidence to support a finding of guilt and an affirmative finding that a deadly weapon was used, and 3) the effectiveness of trial counsel.  However, appellate counsel then satisfactorily explained why the arguments lacked merit. Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to 
Stafford v. State
, 813 S.W.2d 503 (Tex. Crim. App. 1991).  Our own review not only confirmed the accuracy of appellate counsel's representations but also failed to reveal any error.

Accordingly, the motions to withdraw are granted, and the judgments are affirmed.

 

                                                                                 Brian Quinn 

Justice 

Do not publish. ålçdäÄåßÑsecond car driven by appellant also sped by prompting Coots to yell at appellant to slow down.  In response, appellant leaned out the car window holding a gun and fired a shot that struck Malone in the head causing his death.  An autopsy confirmed that Malone died from a circular bullet wound on his right eyebrow.

Brandy Wagner testified that appellant called her just hours after the shooting claiming he shot someone in the forehead after being shouted at to slow down.  She did not take appellant seriously until she heard the crime reported on the news.  She sought out an officer and informed him that she had information about the shooting.  Kim Phonsnasinh, a passenger in appellant’s car on the night of the shooting, testified that appellant became upset when Coots yelled at him to slow down and confirmed that he leaned out the window and shot a small handgun.  Mary Lomeli, also a passenger in appellant’s car, likewise testified that he shot out the window after being told to slow down.

The defense attempted to show that appellant did not aim the gun at anyone and thus, the evidence was insufficient to establish that he intentionally or knowingly caused Malone’s death.  However, a person acts intentionally or knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.  Tex. Pen. Code Ann. § 6.03(a) and (b) (Vernon 1994) (defining culpable mental states of intentionally and knowingly).  Firing a weapon toward a group of people supports the rational conclusion that appellant was aware that his conduct was reasonably certain to result in death.  Medina v. State, 7 S.W.3d 633, 636-37 (Tex.Cr.App. 1999).

Viewing the evidence presented in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of murder beyond a reasonable doubt.
(footnote: 2)  
See
 Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), 
overruled on other grounds
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  In conducting a factual sufficiency review, we ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Eye witnesses testified that appellant fired a shot out his car window when Coots shouted at him to slow down, resulting in Malone’s death.  Also, Brandy Wagner testified that appellant telephoned her and told her he had shot someone in response to being told to slow down.  The evidence is legally and factually sufficient to establish that appellant caused Malone’s death.   Thus, we agree with counsel that no reversible error is presented on the basis of insufficient evidence.

Counsel’s third arguable contention is that the trial court erred in instructing the jury on transferred intent.  The charge provided an abstract instruction on the law of transferred intent in accordance with section 6.04(b)(2) of the Texas Penal Code and then applied the law to the facts as follows:

if you believe from the evidence beyond a reasonable doubt, that the defendant . . . intending to cause the death of Matt Coots by shooting him with a firearm, did then and there cause the death of . . . Kenneth James Malone, by shooting [him] with a firearm, you will find the defendant guilty of the offense of murder and so say by your verdict.

     

After the charge was examined by trial counsel he stated it was acceptable.  When no objection is made to the charge, only egregious error may be reviewed on appeal.  Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1985) (on reh’g).

The evidence established that after Coots shouted at appellant to slow down, appellant responded by firing his gun out the car window.  Under the doctrine of transferred intent, appellant’s intent to harm Coots transferred to Malone and he was just as guilty as if he had shot Coots.  Martinez v. State, 844 S.W.2d 279, 282 (Tex.App.–San Antonio 1992, pet. ref’d), citing Garrett v. State, 642 S.W.2d 779, 781 (Tex.Cr.App. 1982).  Although the State did not allege transferred intent in the indictment, the inclusion of the instruction in the charge is not considered egregious harm.  
See
 In Re K.W.G., 953 S.W.2d 483, 488 (Tex.App.–Texarkana 1997, pet. denied).  We agree with counsel that no reversible error is presented in the court’s charge.

We are required to make an independent examination of the entire record to determine whether there are any arguable grounds that might support the appeal.  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  On October 29, 1998, appellant was indicted for a murder allegedly committed on June 18, 1998.  Prior to and after the appointment of new counsel, appellant filed numerous 
pro se
 motions.  On July 27, 1999, he filed a “Petition For Release Because of Delay” as well as a “Motion for Fast and Speedy Trial,” contending that more than one year had elapsed since he was first taken into custody and the State had not proceeded to trial.  On April 27, 2000, appellant filed a 
pro se
 motion to dismiss asserting that 21 months had passed since he was arrested and that the State had failed to proceed to trial in violation of his Sixth Amendment right and Article I, Section 10 of the Texas Constitution.
(footnote: 3)  The record does not indicate that any motions for continuance were sought.  Our independent review of the record reveals that appellant may have an arguable contention regarding his claim that he was denied his right to a speedy trial.

The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and applies to the states through the Fourteenth Amendment.  
See
 Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-17 (1972).  Additionally, Article I, Section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977) guarantee a speedy trial.  In determining whether an accused was denied his right to a speedy trial, an appellate court is required to balance four factors, to-wit: 1) the length of the delay; 2) reason for the delay; 3) assertion of the right; and 4) prejudice to the accused, to determine whether a defendant’s right to a speedy trial has been violated.  
Id
. at 530-32; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Cr.App. 1999).  No single factor is a “necessary or sufficient condition to the finding” of a speedy trial violation, and these factors must be considered in conjunction with other relevant circumstances.  
Munoz
, 991 S.W.2d at 821, citing 
Barker
, 407 U.S. at 533.  

Having found an arguable ground for appeal, this Court must ensure appellant’s right to counsel by permitting appellant’s present counsel to withdraw and requiring the appointment of new counsel to rebrief whether a 21-month delay is sufficient to trigger a speedy trial analysis under Harris v. State, 827 S.W.2d 949, 956 (Tex.Cr.App. 1992), 
cert. denied
, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992).  Counsel is also directed to raise any other grounds he believes might support the appeal.  Stafford v. State, 813 S.W.2d 503, 510 (Tex.Cr.App. 1991).

To secure the appointment of new counsel, we now abate the appeal and remand the cause to the trial court.  Duncan v. Evans, 653 S.W.2d 38, 40 (Tex.Cr.App. 1983).  Upon remand, the trial court shall appoint new counsel to brief the ground we deem arguable, as well as any other grounds that might support the appeal.  The trial court shall direct counsel to file appellant’s brief within 30 days after his appointment and shall furnish the name, address, telephone number, and state bar number of new counsel to the Clerk of this Court immediately after the appointment is ordered.

It is so ordered.

Per Curiam

Do not publish.

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967).

2:
3: