**Clayton Edward MORSE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–00–058CR.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 28, 2000.

Decided Oct. 18, 2000.

Alan Percely, Houston, for appellant.

Tom Maness, Dist. Atty., Rodney D. Conerly, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

A jury found Clayton Edward Morse, Jr., to be guilty of the third degree felony offense of possession of a controlled substance, marijuana, in an amount of 50 pounds or less but more than 5 pounds. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(4) (Vernon Supp.2000). Morse was sentenced to 10 years of confinement in the Texas Department of Criminal Justice, Institutional Division, and assessed a $10,000 fine. In accordance with the jury's verdict regarding punishment, the trial court suspended the sentence of confinement and placed Morse under community supervision for 10 years. Morse presents four issues on appeal.

Point of error three urges the trial court erred in denying Morse's motion for new trial without conducting an evidentiary hearing. When a motion for new trial presents matters that are not determinable from the record, the trial court abuses its discretion by failing to hold a hearing; however, if the motion presents matters that are determinable from the record, the failure to conduct a hearing is not an abuse of discretion. *Macri v. State*, 12 S.W.3d 505, 510 (Tex. App.—San Antonio 1999, pet. ref'd)(citing *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim.App.1993)). A trial court may decide a motion for new trial based on sworn pleadings and affidavits admitted in evidence without hearing oral testimony. *Scaggs v. State*, 18 S.W.3d 277, 281 (Tex. App.—Austin 2000, pet. filed)(citing *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim.App.1985)).

The trial court ordered that evidence on the motion would be presented by affidavit. The trial court is authorized to receive evidence "by affidavit or otherwise." TEX.R.APP.P. 21.7. In this case, however, defense counsel objected to proceeding on affidavits alone, and specifically requested that an oral hearing be conducted. The motion for new trial alleged

Morse received ineffective assistance of counsel. Factual allegations contained in affidavits filed by Morse controvert factual statements contained in affidavits by the prosecutor and by trial counsel. For instance, Morse's affidavit states, "[Defense counsel] did not view any evidence seized from the scene of my arrest until it was offered into evidence by the prosecution . . . .", while the prosecutor's affidavit states, "[Defense counsel] was also shown the evidence prior to trial, not during the middle of trial as defendant alleges." Had the trial court conducted an oral hearing, Morse would have been able to cross-examine trial counsel on matters controverted in the affidavits submitted to the court.

We hold the trial court abused its discretion by considering the motion for new trial on affidavits alone, over the objection of the defendant. Point of error three is sustained. Accordingly, we abate this appeal and remand the cause to the trial court for the purpose of conducting an oral hearing on the appellant's motion for new trial. A reporter's record of the hearing on the motion for new trial shall be prepared and filed in the record of this appeal, together with a clerk's record containing any orders of the trial court. The appeal will be reinstated when the supplemental record is filed.

APPEAL ABATED AND CAUSE REMANDED.