IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-1699-05






ANGELA HOLDEN, Appellant 



v.



THE STATE OF TEXAS





On Discretionary Review of Case 13-03-00624-CR of the 


Thirteenth Court of Appeals


Harris County






 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and
Meyers, Keasler, Hervey, and Cochran , JJ., joined. Price and Johnson, JJ.,
concurred in the judgment. Holcomb, J., dissented.



 The issue in this case is whether a trial court always errs by deciding a motion for new
trial on the basis of affidavits when a party has requested a hearing. We hold that such a
procedure is not always in error.

 In this case, the basis of the motion for new trial was ineffective assistance of trial
counsel. The appellant was the chief clerk for a constable of Harris County. Her responsibilities
included issuing payroll checks and handling the accounts payable and receivable. An audit of
the constable's accounts showed that the office had paid about $80,000 to appellant, or to her
relatives who also worked for the constable, for several hundred more hours than they actually
had worked.

 The appellant pleaded no contest to an indictment that accused her of the second-degree
felony of theft by a public servant. There was no agreement as to punishment. The trial court
deferred sentencing and ordered a pre-sentence investigation report. As part of the report, the
appellant submitted a statement. She said that she never intended to commit theft, but that she
accepted responsibility for her mistakes.

 After the trial court sentenced her, the appellant retained new counsel. She filed a motion
for new trial claiming that her former trial counsel was ineffective. The appellant and the trial
counsel each submitted an affidavit. In her affidavit, the appellant said that her counsel failed to
advise her that lack of intent was a defense to the theft charge. She claimed that if she had known
of such a defense, she would have pleaded not guilty and gone to trial. The trial counsel said in
his affidavit that he advised the appellant not to rely on a defense based on lack of intent or
knowledge because, although she told him that she did not intend to commit theft, she offered no
explanation of the facts other than that she made a mistake.

 The trial court held a hearing on the appellant's motion for new trial. The appellant's new
counsel indicated that he was prepared to call the appellant's trial counsel but was informed that
the court wanted to proceed by affidavits. He objected to not being allowed to call witnesses. He
particularly wanted to question the trial counsel about certain omissions from his affidavit. After
considering the parties' arguments and the affidavits submitted, the trial court denied the motion
for new trial.

 On appeal, the appellant argued that the trial court erred in denying her motion without
allowing witnesses to give testimony which would have fully developed significant omissions in
her trial counsel's affidavit. The Thirteenth Court of Appeals noted that the trial court is given
discretion by Rule of Appellate Procedure 21.7, which reads, "The court may receive evidence by
affidavit or otherwise." The Court of Appeals held that the trial court, which held a hearing and
considered the affidavits, did not abuse its discretion in denying the appellant's motion for new
trial. (1)

 The appellant now argues that the Court of Appeals erred because the affidavits were
ambiguous and conflicting as to material facts.

 A trial court abuses its discretion in failing to hold a hearing when a defendant presents a
motion for new trial raising matters not determinable from the record. (2) But a trial court may rule
based on sworn pleadings and affidavits without oral testimony; live testimony is not required. (3)
"It has long been held that a trial court may decide a motion for new trial based on sworn
pleadings and affidavits admitted in evidence without hearing oral testimony." (4)

 An appellate court reviews a trial court's denial of a motion for new trial under an abuse
of discretion standard. (5) We do not substitute our judgment for that of the trial court; rather, we
decide whether the trial court's decision was arbitrary or unreasonable. A trial court abuses its
discretion in denying a motion for new trial only when no reasonable view of the record could
support the trial court's ruling. (6)

 Recently, we reaffirmed the standard of review for denials of motion for new trial when
such a denial is based on affidavits only. We held that "in the context of a denial of a motion for
new trial, a deferential rather than de novo standard applies to our review of a trial court's
determination of historical facts when that determination is based, as here, solely upon affidavits
regardless of whether the affidavits are controverted." (7)

 The appellant relies heavily on a court of appeals' decision in which a defendant
complained that the trial court denied his motion for new trial, which complained of ineffective
assistance of counsel, without conducting an evidentiary hearing. The Ninth Court of Appeals
recognized that Rule 21.7 allows a trial court to receive evidence by affidavit or otherwise. It
held, however, that "when a motion for new trial presents matters that are not determinable from
the record, the trial court abuses its discretion by failing to hold a hearing; however, if the motion
presents matters that are determinable from the record, the failure to conduct a hearing is not an
abuse of discretion." (8) Because the defendant's affidavit recited facts that controverted factual
statements in the prosecutor's and trial counsel's affidavits, the Ninth Court concluded that the
trial court abused its discretion by considering the motion on affidavits alone. (9)

 We think that the Ninth Court's decision is incompatible with our more recent decision in
Manzi v. State. (10) There, dealing with a hearing on a motion to suppress evidence, this Court held
that the court of appeals correctly deferred to the trial court's resolution of the facts from
conflicting affidavits. We also recognized the authority of the trial court to decide contested
factual issues on affidavits.

 The appellant argues that in Manzi, "at least three judges of this Court recognized that
affidavits are insufficient and oral testimony is necessary to make credibility determinations in
certain circumstances." (11) Even if the appellant has read Manzi correctly, that case does not
support her, precisely because the circumstances of this case are less favorable to her than the
circumstances were to Manzi. Manzi involved a pre-trial hearing on a motion to suppress
evidence. The affidavits offered were those of the defendant and several narcotics officers. The
trial judge had had no prior opportunity to evaluate the demeanor or credibility of the affiants or
to become familiar with the case.

 In this case, the affiants were the defendant and her trial counsel. They had already
appeared in the trial court, where the trial on the plea of nolo contendere had been held, and the
trial judge had already had an opportunity to evaluate the affiants. The court had received a pre-sentencing report about the offense and the defendant, and the judge was familiar with the history
and facts of the case. The subjects at issue also were familiar to a judge: a defendant's
characterization of her conduct and her mental state, and a defense counsel's advice about the
wisdom of relying on such a characterization as a defense. If the Manzi court's determination of
credibility was entitled to deference on appeal, then a fortiori is the trial court's determination
entitled to it in this case. 

 We do not accept a per se rule that a trial court must hear live testimony whenever there
is a factual dispute in affidavits and a party asks for testimony. Here we hold that, in this case, the
trial court did not abuse its discretion by deciding the motion on the affidavits.

 We affirm the judgments of the courts below.


Delivered September 20, 2006.

Publish.
1. Holden v. State, No. 13-03-624-CR (Tex. App. -- Corpus Christi-Edinburg 2005) (not designated for
publication).
2. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Cr. App. 1993).
3. Rivera v. State, 89 S.W.3d 55, 58-59 n.9 (Tex. Cr. App. 2002).
4. Scaggs v. State, 18 S.W.3d 277, 281 (Tex. App .-- Austin 2000, pet. ref'd) (Dally, J.).
5. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Cr. App. 1995).
6. Id.
7. Charles v. State, 146 S.W.3d 204, 210 (Tex. Cr. App. 2004).
8. Morse v. State, 29 S.W.3d 640, 641 (Tex. App.--Beaumont 2000, no pet.).
9. Id. at 642. 
10. 88 S.W.3d 240 (Tex. Cr. App. 2002).
11. Brief at 7.