**Opinion filed December 9, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00245-CR
_____

## ROGER WOODROW GORE, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 16688B**

## O P I N I O N

The jury found Roger Woodrow Gore, Jr. guilty of aggravated kidnapping and assessed his punishment at confinement for life and a fine of $10,000. We affirm.

### I. *Background Facts*

Immediately before voir dire began, Gore requested permission to leave the courtroom because he did not want to attend his trial unless absolutely necessary. The trial court granted his request, and the trial commenced in his absence.

K.S. testified that she was a student at McMurry University and that she worked nights at Blue Cross Blue Shield. One night, she got off work at 11:30 p.m. and drove to her apartment at the Las Brisas apartment complex in Abilene. As she pulled into the parking lot, she saw two

men walking around. Not overly concerned, she parked her car in her usual spot. As she was walking away, she felt as though someone was nearby. She turned and saw one of the two men pointing a gun at her face.

K.S. screamed. The two men told her to stop screaming or they would shoot. They demanded that she hand over her car keys. She did so, and the gunman told her to get in the backseat. He got in the backseat with her and put his shirt over her head so that she could not see. As the other man drove, the gunman told her to take her pants off. He attempted to have vaginal sex with her but was unsuccessful. He then held a gun to her head and forced her to give him oral sex.

They drove for a long time. Eventually, they turned off the main road and onto a dirt road. When they stopped, the gunman pulled K.S. out of the car. He took the blindfold off and warned her not to turn around or he would shoot. He then ordered her to walk away. The two men drove off. It was still dark, and K.S. had no idea where she was. She walked back to the main road, which she discovered was Interstate 10, and hitched a ride with a truck driver to a gas station near Sonora. There, she asked the clerk to call the police.

Gore was brought into court. K.S. identified him as the man who threatened her with a gun and who sexually assaulted her.

## II. *Issues*

In his first two issues on appeal, Gore argues that the trial court denied him the right to be present at his trial as guaranteed by both the Sixth Amendment[1] and TEX. CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006). In his third issue, Gore argues that the trial court erred by submitting a jury charge that expanded or enlarged upon his indictment.

### III. *Did the Trial Court err by Granting Gore's Request to not Attend Trial?*

The Sixth Amendment's right of confrontation requires a defendant threatened with the loss of liberty to be physically present at all phases of the criminal proceedings against him absent a waiver of that right through the defendant's own conduct. *Illinois v. Allen*, 397 U.S. 337, 338, 343-44 (1970). For example, a defendant may waive the right to be present through his disruptive conduct during proceedings. *Id.* at 346. A defendant also waives this right if he voluntarily absents himself from proceedings after trial has commenced in his presence. *Taylor v. U.S.*, 414 U.S. 17, 18 (1973).

---

[1] U.S. CONST. amend. VI.

Article 33.03 requires a defendant in a felony prosecution to be personally present at trial. A defendant's right to be present is unwaivable until after the jury has been selected. *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985). After jury selection, the trial court can continue a trial to conclusion if the defendant voluntarily absents himself. Article 33.03.

Immediately before voir dire began, Gore requested the trial court to excuse him from being present at trial. Gore's trial counsel reported that he had advised his client about the importance of a defendant's presence but that Gore preferred to stay in jail rather than attend. Gore stated that he had been through the process before and did not see how his presence would help. The trial court reiterated to Gore the importance of being present at trial and informed him that it would be in his best interest to attend. Gore repeated his request to return to jail. Gore's trial counsel expressed his fear that forcing Gore to attend trial might lead his client to act out and disrupt the proceedings. Throughout this discussion, the State pointed out that Article 33.03 prohibited the trial court from granting Gore's request. Gore's trial counsel countered that a defendant could waive this requirement. The trial court granted Gore's request, and the trial continued in his absence.

Even assuming that the trial court erred by selecting a jury in Gore's absence, a defendant may not invite error, whether statutory or constitutional, and then submit that error as a basis for appellate relief. *See Garcia v. State*, 919 S.W.2d 370, 393-94 (Tex. Crim. App. 1996); *see also Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (distinguishing the doctrines of invited error and waiver). *Garcia* was a death penalty case. The trial court notified defense counsel that it was qualifying ten prospective jurors. Counsel advised the trial court that he could not be present, and both Garcia and his counsel stated on the record that they had no objection to the proceedings occurring without their presence. *Garcia*, 919 S.W.2d at 393. But on appeal, Garcia maintained that the trial court deprived him of his right to be present under Article 33.03. *Id*. The Court of Criminal Appeals found that Garcia was not denied this right – he waived it. *Id*. at 394. Furthermore, because Garcia created the error, he could not raise it as a basis for reversal. *Id*. at 393.

Gore created any error that the trial court may have committed by granting his request to conduct the trial in his absence. He may not now use this error to secure a reversal. Gore's first and second issues are overruled.

3

IV. *Did the Trial Court Err by Submitting a Jury Charge that Varied from the Indictment?*

In his third issue, Gore argues that the trial court erred by submitting a jury charge that expanded upon his indictment. During the jury charge conference, the trial court noticed that the number used for the complainant's pseudonym varied throughout the indictment. For instance, the second paragraph read:

> AND THE GRAND JURORS AFORESAID, upon their oath aforesaid, in the said County and State, at said term, do further present in and to said Court that on or about the 2nd day of August, 2007 and anterior to the presentment of this indictment, in the County and State aforesaid, ROGER WOODROW GORE, JR. did then and there abduct another person, namely 07-14965, with intent to violate and abuse sexually the said *07-14695*.
>
> And further, the said abduction was accomplished by restraining the said 07-14965 with intent to prevent her liberation by using and threatening to use deadly force, and the restraint of the said 07-14965 restricted her movements without consent so as to interfere substantially with her liberty by moving her from one place to another and by confining her, and the said restraint was accomplished by the use of force and intimidation against the said 07-14965 (emphasis added).

The State confirmed that the complainant's pseudonym was 07-14965. The trial court found that the variation in the indictment was a typographical error and, over Gore's objection, changed the jury charge to use the same pseudonym throughout.

Gore does not appear to argue that the evidence was insufficient to prove the offense alleged in the indictment. Rather, Gore contends that the jury charge impermissibly permitted his conviction for an offense other than that alleged. Kidnapping is committed when a person "intentionally or knowingly abducts another person." TEX. PENAL CODE ANN. § 20.03 (Vernon 2003). Aggravated kidnapping is committed when a person "intentionally and knowingly abducts another person with the intent to . . . violate or abuse him sexually." *Id*. § 20.04(a)(4). Gore argues that the indictment alleged that he kidnapped 07-14965 with the intent to sexually abuse another person, 07-14695. Thus, the indictment only alleged the kidnapping of 07-14965. By causing the pseudonym to read the same throughout the jury charge, he claims the trial court enlarged upon the allegations in the indictment.

A defendant may be tried only on the offenses alleged in the indictment. *Abdnor v. State*, 871 S.W.2d 726, 728 (Tex. Crim. App. 1994). An indictment must provide sufficient notice of the offenses alleged to allow the defendant to prepare a defense. *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000). A jury charge may not authorize the conviction of the defendant on

4

a theory permitted by the jury charge but not alleged in the indictment. *Reed v. State*, 117 S.W.3d 260, 265 (Tex. Crim. App. 2003).

When reviewing jury charge error, we initially determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If so, we then determine whether the error caused harm. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). When the defendant properly objects to the charge, an error causing some harm requires reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The harm, however, must be actual and not merely theoretical. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986).

We need not determine if the trial court erred because Gore cannot show that he was harmed. There is no indication that the indictment was insufficient to put Gore on notice that he was charged with the aggravated kidnapping of 07-14965. The charge in the indictment read "Aggravated Kidnapping." The language in each paragraph of the indictment tracked the elements of that offense. While the complainant's pseudonym varied, each paragraph began with the correct pseudonym, "07-14965." Subsequent pseudonyms in each paragraph were preceded by the adjective "said," as in, "the said 07-14695." This indicates that the pseudonyms in each paragraph referred to the same individual. Thus, the variation in the number used for a pseudonym was a typographical error. The trial court's decision to correct that variance is not reversible error. *See McNeal v. State*, 600 S.W.2d 807, 808 (Tex. Crim. App. 1980) (a typographical error in the indictment in the spelling of the victim's name does not constitute reversible error).

Moreover, there is no indication of surprise. K.S. testified that she was 07-14965 and that Gore kidnapped and sexually assaulted her. No other victim was ever mentioned. Gore's second issue is overruled.

## V. *Conclusion*

The judgment of the trial court is affirmed.


                                                    RICK STRANGE

December 9, 2010                                    JUSTICE

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.