Mckinley Dale Thomas
TDCJ-ID# 1484717
Allen B. Polunsky Unit
3872 FM 350 South
Livingston,Texas 77351

March 3Rd,2015

RE: **Ex Parte Thomas,**
Trial Court Writ # 1063389-A;

**Texas Court Of Criminal Appeals,**
**Mandamus Writ# WR, 13, 702-08**

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 10 2015

Abel Acosta, Clerk

Abel Acosta, Clerk
Texas Court Of Criminal Appeals
P.O. BOx 12308, Capitol Station
Austin, Texas 78711

Dear Clerk:

Please be advised, that on or about **February 3rd,2015,** The
Harris County Clerk **[Chris Daniel],** forwarded to The Texas
Court Of Criminal Appeals, the **habeas corpus** records from the
above numbered cause of action, entitled: **EX PARTE, MCKINLEY
DALE THOMAS,** In Cause Number **#1063389-A.**

**Therefore,** herein enclosed, you will please find a true and
correct copy [ORIGINAL] of the following:

> **1]** Applicant's Written Objections To The
> Evidentiary Court's Findings Of Facts
> And Conclusion Of Law[UN-Supported] By
> The Official Trial Court Records/ With
> Request For 'REMAND' Of These Habeas
> Proceedings For An evidentiary Hearing
> And Appointment Of Habeas Counsel;
>
> **2]** Certificate Of Service.

Would you please be so kind as to notify me when you received
the above records, pleading and motions and date they were pre-
sented to The Texas Court Of Criminal Appeals.

I'm trusting that the above information will prove helpful to
your Clerk's Office assisting me in this matter, and here's
thanking you in advance.

WITH BEST REGARDS,
*Mckinley Thomas*
Mckinley Dale Thomas

mdt/MDT
CC:FILES
ENCLOSURE: WRITTEN OBJECTIONS OF APPLICANT.

IN THE
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN - TEXAS
WRIT NO._____

EX PARTE:
MCKINLEY DALE THOMAS,
   APPLICANT.

§ HABEAS CORPUS PROCEEDINGS FROM
§ THE 185TH JUDICIAL CRIMINAL
§ DISTRICT COURT OF
§ HARRIS COUNTY, TEXAS
§ TRIAL COURT WRIT #1063389-A
§

## "APPLICANT'S WRITTEN OBJECTIONS TO THE EVIDENTIARY COURT'S FINDINGS OF FACTS, AND CONCLUSION OF LAW AS NOT BEING SUPPORTED BY THE OFFICIAL TRIAL/HABEAS CORPUS RECORDS/WITH REQUEST FOR "REMAND" FOR AN EVIDENTIARY HEARING AND APPOINTMENT OF HABEAS COUNSEL

TO THE HONORABLE JUSTICES FOR THE TEXAS COURT OF CRIMINAL APPEALS:

Now comes, **Mckinley Dale Thomas**, hereafter referred to as the, Applicant, who is appearing before this Honorable Court Of Criminal Appeals in a pro-se capacity without the aid or assistance of habeas counsel, and herebyas now submits and presents to The Court, 'Applicant's Written Objections To The Evidentiary Court's [Unsupported- Record] Findings Of Facts, And Conclusion Of Law; Therefore, Applicant herein, request that these habeas proceedings will be 'Remanded' [And/Or Placed In Abeyance] Back to the Evidentiary Court with instructions, for the Evidentiary Court to appoint Applicant habeas counsel; And with 'Orders' that The Evidentiary Court to hold-conduct a 'Full-Blown' evidentiary hearing held in this Applicant's presence; And in support thereof, Applicant offers the following reasons to-wit:

## I.

It is presently the applicable rule of law, which holds, that habeas corpus review is available to review **jurdictional** defects, or the denial of 'fundamental or Constitutional' rights. See: **Ex Parte Tovar**, 901 S.W.2d 485 [Tex.Crim.App.1995].

The State [Respondent-Judge And The District Attorney For Harris County, Texas], seeks to deny and deprive this Applicant of the enjoyment of his constitutional right to habeas corpus review and/or relief by seeking The Justices For The Texas Court Of Criminal Appeals to 'substitute' this Applicant's right to habeas corpus review 'Imputed' to Applicant filing **Motion-For -New-Trial [February 1st,2008]**,in cause #1063389-A, as Respondents' reasons why The Texas Court Of Criminal Appeals should 'Reject' Applicant's habeas corpus application as a **Successive Writ Application** without directly saying so; And this Applicant argues the following reasons why **Respondents'** recommendations should be "REJECTED" by this Court Of Criminal Appeals based upon the following **findings** and **objections** of this Applicant.

## II.

### APPLICANT'S FINDINGS OF FACTS AND

### CONCLUSION OF LAW/ WITH OBJECTIONS

This Applicant hereby, enters and submits to The Court his 'Written Findings Of Facts/ With Objections' supported by the official trial/habeas records regarding The Evidentiary Court judge's 'late-filed' findings of facts, and conclusion of law, which has recommended **denial** of this Applicant's habeas corpus application filed in The Court of conviction [**185Th Criminal District Court**,

-2-

Of Harris County, Texas], on or about **August 27Th,2011; Thus,** The Respondents' regarding this Applicant's filed habeas corpus writ application has **'Recommended'** to The Justices Of The Texas Court Of Criminal Appeals, that habeas corpus review and relief would be denied to this Applicant based upon The Evidentiary Court's **'err- onerous- findings'** that Applicant's **habeas -claims** has already once previously been **'reviewed, answered and rejected'** by the convicting court as having been previously raised by the Applicant in a **Pro- Se Motion-For-New-Trial** filed by Applicant on **February 1st,2008,** and denied by the convicting court judge on **November 10Th,2009.**

## [a] APPLICANT'S FINDINGS AND OBJECTIONS:

The Applicant in response to Respondents [The Evidentiary Court] assertions, does admits, and the official trial/habeas records supp- orts Respondent's assertions, that The Applicant acting without the appointment or assistance of trial/appellate appeal counsel after his **January 17Th,2008,** felony conviction for murder, did on or about **February 1st,2008,** filed a **Pro-Se 'Motion-For-New-Trial'** with a re- quest for appointment of habeas counsel, including request for **new- trial** hearing to be held in this Applicant's presence; The Applic- ant's pro-se Motion For New Trial was received by The Harris County District Clerk [**Chris Daniel**], and forwarded and received by the **185Th District Court** judge, The Honorable Susan B. Brown on **Febru- ary 6Th,2008,** and on **March 15Th,2008,** denied without hearing.

Subsequently, this Applicant's Court-Appointed Appellate-Appeal Attorney [**Jimmy Phillips, Jr**], argured on this Applicant's [D]irect appeal to **The Fourteenth Court Of Appeals,** that the convicting court

-3-

judge had 'erred' in denying Applicant's Pro-Se Motion-For -New-Trial [Adopted By Applicant's Appellate Counsel] without a hearing, by counsel on appeal arguring, that because the **claims-allegations** raised in Applicant's **Motion Requesting A New-Trial** were not determinable from the official trial/appellate court records- that a hearing on the motion was **mandatorily-required.**

The official trial/appellate records of Applicant's pro-se motion requesting a new trial, or new trial hearing alleged and raised the following 'Fundamental Or Constitutional violations:

1] Judicial Abuse Of Discretion;

2] Retired Visiting Court Judge Exceeding Assignment Order- Dismissed Applicant's First [Hung Jury];

3] Judicial Misconduct;

4] Double Jeopardy Violations;

5] Conviction Of Incompetent Person;

6] Prosecutorial Misconduct- Brady Violations; And

7] Ineffective-Assistance Of Counseling.

Consequently, The Justices of **The Fourteenth Court Of Appeals** [Houston,Texas], in agreeding with this Applicant's arguments on appeal- concluded on **May 28Th,2009**, that The Convicting Court judge had '**Erred**' in denying Applicant's **Pro-se Motion Requesting a New-Trial** or new trial hearing by The Justices finding, that Applicant in his '**Motion For New-Trial**' had raised issues which were not determinable from the official trial/appellate court records; **Thus,** The Fourteenth Court Of Appeals placed Applicant's appeal in **Abeyance,** and remanded these proceedings back to The Convicting Court with

-4-

instructions for The Convicting Court to **hold-conduct** hearing on Applicant's **Pro-Se** '**Motion-For-New-Trial**' See: <u>Thomas V. State</u>, 286 S.W. 3d 109[Tex.App.-Hou. 14Th Dist. 2009].

The **185Th Convicting Court** judge[The Honorable Susan B. Brown], after **remand** of these proceedings without providing and/or giving this Applicant any chance or opportunity to **formally-object**, if any, to The Court's '**un-written orders**' conveyed to this Applicant by his Court-Appointed Appellate appeal Attorney Jimmy Phillips, Jr., that The Court would be holding and/or conducting hearing on Applicant's **Pro-Se Motion-For-New-Trial** in Applicant's absence, and by affidavit [**Only**] from Applicant's former Court-Appointed trial Attorney [**Randal Ayers**]; Furthermore, the Applicant's then Court-Appointed Appellate-Appeal Attorney [**Jimmy Phillips, Jr**], would also inform this Applicant that Judge Susan B. Brown, had also ordered [**Un-Written**], that Applicant was to not be "**Bench-Warranted**" back from prison to attend the [**Affidavit**] hearing open court on Applicant's **Pro-Se Motion-For-New-Trial**.

The Official Appellate Court records in this case, shows this Applicant in a **Pro-Se Petition For Discretionary Review** voicing his objections, as well as Applicant voicing his objections in a **Pro-Se Recusal Motion**, including Applicant voicing his objections in his **Pro-Se Habeas Corpus Application**, and objecting in a **Petition For Writ Of Mandamus** [Argured To The **Texas Court Of Criminal Appeals**], that the decision of The Convicting Court judge in holding and/or conducting hearing on Applicant's '**Pro-Se**' **Motion-For-New-Trial** by affidavit in Applicant's absence was a result of The Honorable

-5-

Susan B. Brown, 185Th District Court judge, apparently acting-out of anger and 'Retalitation' against this Applicant, due in-part of the Applicant's Court-Appointed Appeal Attorney Jimmy Phillips, Jr., also arguring in a separate motion on appeal to The Fourteenth Court Of Appeals 'Conflict-Of-Interest' existing between appellate counsel and the Convicting Court judge- which conflict prevented appellate counsel from 'Ethically' representing this Applicant because the Conflict-Of-Interest between appellate counsel and the trial court judge had caused a breakdown in communication between Applicant and appellate counsel.

The Conflict-Of-Interest' allegations raised by appellate counsel centered around and/or was based upon appellate counsel and the convicting court judge allegedly involved and/or carrying on a Secretive Romantic-Love Affair although appellate counsel and the convicting court judge were married to someone else; Furthermore, this Applicant's appellate counsel 'candidly' admitted such Conflict-Of-Interest allegations during Court Of Appeals Ordered Hearing on this Conflict Of Interest issue[See: Appeal Hearing Records, Dated: September 23rd,2009; RR. VOL.I.,p. 3-THRU-12].

Therefore, the willful action of The Convicting Court judge in excluding this Applicant from his Fourteenth Court Of Appeals ordered hearing on his Pro-Se Motion-For-New-Trial- was intentionally conducted in the manner that it was, with the assistance with an attorney having a conflict of interest whom worked together behind the scenes in deciding which claims-allegations initially raised by this Applicant in his Pro-Se Motion-For-New-Trial that Applicant's court-appointed trial counsel would be ordered to address by affi-

-6-

davit in this Applicant's 'Involuntary-Absence'; Furthermore, this Applicant argues, that it was not until Applicant was served with Respondent's April 10Th,2013, response to Applicant's August 27Th, 2011, habeas corpus application was the Applicant served a copy of his former Court-Appointed trial counsel's October 28Th,2009, affidavit in response to Applicant's Pro-Se Motion For New Trial filed on February 1st,2008, by this Applicant; And equally as well, the Applicant on April 10Th,2013, also for the first time received a copy of The trial court's 'findings of facts, and conclusion of law on motion for new trial[Dated: November 10Th,2009- Marked As State's Exhibit "A" And "B"][Respectively].

Nevertheless, it was Applicant's former trial counsel's affidavit [DATED: OCTOBER 28TH,2009], coupled with the trial court's findings of facts, and conclusion of law on motion for new trial[DATED: NOVEMBER 28Th,2009], which process is now being utilized by Respondents' in 'Recommending' to The Texas Court Of Criminal Appeals, that habeas corpus 'review' and 'relief' should be denied to this Applicant not based upon Applicant's habeas corpus claim-allegations, but based upon those claims-allegations of 'ineffective-assistance of counsel claims and allegations raised by this Applicant in his Pro-se Motion-For-New-Trial filed by Applicant some seven[7] years ago.

This Applicant within his August 27Th,2011, habeas corpus application has raised 'some-serious' record claims of constitutional proposition, including raising 'some-serious' fundamental due process violations committed by Applicant's trial/appellate attorneys, and by the Respondents'; However, much unlike those claims raised by Applicant in his pro-se motion-for-new-trial, which claims were

-7-

un-supported by any [Verbatim] record recital where The Court could locate errors raised by Applicant because the trial/appellate records were not transcribed during period of time that the Applicant first filed his **Pro-Se Motion-For-New-Trial** on **February 1St,2008**, as only **fifteen[15]** days had elapsed from the time Applicant was found guilty by a jury and sentenced on **January 18Th, 2008**, to **February 1St,2008**, when pro-se motion for new trial was filed with The Convicting Court.


III.

## MOTION FOR NEW TRIAL-MANDATORY LAW

**THE LAW:**

The Applicant in his **Written-Objections** in support of his request for **Remand** of these habeas proceedings back to The Convicting Court for an evidentiary hearing to be held in this Applicant's presence, argues that there exist **ample case law authority** in support of Applicant's position which is that a 'Full-Blown' [LIVE] evidentiary hearing on Applicant's **Pro-Se Motion-For- New-Trial** was **Mandatorily-Required** when motion for new trial raises matters which are not determinable from the official trial court records; And Applicant in support of his **Legal Position** directs this Court's attention to the following line of cases, which all holds, that an evidentiary hearing on Applicant's **Motion-For-New-Trial** was **Mandatorily Required. SEE: Butler V. State**, 6 S.W.3d 636(Tex.App.-Hou. 1st Dist. 1995)]; **Clarke V. State**, 233 S.W.3d 574 (TEX. App.-Hou. 14Th Dist. 2007)]; **Reyes V. State**, 849 S.W. 2d 812 (Tex.Crim. App. 1993)]; **Stogiera V. State**, 191 S.W.3d 194(Tex.App.-San Anto-

-8-

nio 2005)]; **Furthermore**, the language spoken by The **Fourteenth Court Of Appeals** [ABATEMENT ORDERS][DATED: MAY 28Th,2009], leads credence to this Applicant's **legal position**, that a 'Full-Blown' [LIVE] evidentiary hearing on this Applicant's "PRO-SE" 'Motion-For-New-Trial was mandatorily ordered by **The Fourteenth Court Of Appeals**- due to that court of appeals finding that Applicant's **Pro-Se Motion-For-New-trial** raised **reasonable-grounds** for relief, that were **not determinable** from the records. **Id.** <u>Thomas V. State</u>, 286 S.W.3d 109(Tex.App.-Hou. 14Th Dist. 2009); **Thus**, The Fourteenth Court Of Appeals concluded...that Applicant was 'Entitled' to a hearing on his **Motion-For-New-Trial**[ SEE: Fourtheenth Court Of Appeals', Slip Opinion, at p. 8-Thru-11].

**Additionally**, this Applicant argues, that **The Fourteenth Court Of Appeals, Specifically Ordered** the trial court to conduct/hold a hearing on the **Motion-For-New-trial**... and that it was 'Applicant's responsibility to request a hearing date from the trial court...and to schedule a hearing in 'Compliance' with The **Court Of Appeals'** ORDER[SEE:Fourteenth Court Of Appeals', Slip Opinion, at p. 11].

Also,pursuant to **The Fourteenth Court Of Appeals'**[ABATEMENT-ORDERS], an Appeal Court hearing in this case was held by the convicting court judge [**The Honorable Susan B. Brown**], on September 23rd,2009, [VIA VIDEO-TELECONFERENCE], in cause #1063389-A [RR.VOL.I.p. 7-THRU-11], whereas, it was during this hearing where The Convicting Court Judge [**Susan B. Brown**], **deliberately mislead** the Applicant [On Record], into believing, that the judge

-9-

as the convicting court had been 'ORDERED' to perform by The Fourteenth Court Of Appeals', was going to hold-conduct a 'Full-Blown' [Live] evidentiary hearing in this case- where Applicant would be allowed to subpoena-witnesses to testify at such hearing, where in acutuality, the convicting court judge had no real intention of granting Applicant any 'Full-Blown' [Live] evidentiary hearing due to the convicting court judge harboring bias and prejudice feelings toward this Applicant by the judge acting out of 'retailation against this Applicant based upon Applicant's claims and/or allegations, that Applicant's Court-Appointed Appeal Attorney [Jimmy Phillips, Jr], and The Convicting Court Judge [The Honorable, Susan B. Brown], were carrying on, or engaged in a secretive-romantic-sexual love affair with each other while both had children and were married to someone else- as the convicting court judge turned The Hearing into a Conflict-Of-interest hearing regarding motion filed by appellate counsel bringing such conflict-of-interest to the forefront.

Therefore, based upon the above and foregoing arguments, the Applicant now argues, that it was really never the intentions of the convicting court judge, in the first place to hold and/or to grant this Applicant any 'Full-Blown' [Live] evidentiary hearing, although such decision was no longer within the sound discretion, of the convicting court judge-whose discretion whether or not to hold and/or grant such a hearing was taken out of the 'equation', when The Fourteenth Court Of Appeals' stepped-in ordering the convicting court to hold-conduct hearing on Applicant's 'Pro-se' Motion-For-New-Trial; Because while Applicant 'reluctantly' does agree, that 'normally' whether or not to hold and/or conduct new

-10-

trial(s), or hold new trial hearings 'generally' does lies within the 'Sound-Discretion' of the convicting court; However, whatever discretion and/or say-so in this matter was previously **abused** by the convicting court as found by **The Fourteenth Court Of Appeals'**, whom had to 'Abate' these proceedings- **remanding** this cause back to The Convicting Court with **instructions-orders** to hold-conduct **hearing** on Applicant's **Pro-Se Motion-For-New-Trial**. ID. Thomas-V. State, 286 S.W.3d, at p. 109; **See Also**, Bjorgard V. State, 220 S.W.3d 555(Tex.App. 2007); Wallace V. State, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003).

The Applicant argues, that once **The Fourteenth Court Of Appeals'** found that the convicting court **erred** in denying Applicant's **Pro-Se motion for new trial** without a hearing due to Applicant raising issues which were not **determinable** from the official trial court records, then an evidentiary hearing was **mandatorily-required**, and several court of appeals' have ruled, that a convicting court **abuses its' discretion** when it holds and/or conduct new trial hearings by **affidavits See:** Morse V. State, 29 S.W.3d 640(Tex.App.-Beaumont 2000); Kincard V. State, 500 S.W.2d 487, 489(Tex.Crim. App. 1973); **Therefore**, Applicant hereby claims, that the actions of the convicting court judge holding **new-trial** hearing in this case by **affidavit** rendered the process **inadequate** and/or **non-operable** nor constitutional fit for any purpose or use as sought by Respondents' in their **April 10Th,2013**, response to this App-licant's **August 27Th,2011**, habeas corpus **claims-allegations**.

-11-

Most **recently** The United States Supreme Court, in <u>Trevino V.-Thaler</u>, 569 U.S. 1(2013), has held that a 'Post-conviction writ proceeding, **rather** than a 'Motion-For-New-trial' is the preferred method for gathering the facts necessary to substantiate an **ineffective-assistance** of trial counsel claim. See **Also**, <u>Mata V. State</u>, 226 S.W.3d 425, 430, **N.14**(Tex.Crim.App. 2007); Furthermore, the Applicant in line with <u>Trevino</u>, has argued within his 'Written-Objections' in support of 'Remand' of these habeas proceedings back to The Convicting Court- with **instructions** for that court to hold-conduct a 'Full-Blown' [Live] evidentiary hearing held in Applicant's presence as a result of the 'type' of hearing held on the **Motion-For-New-trial** held in this Applicant's absence made that procedure **inadequate** for developing the records on Applicant's claims of ineffective-assistance of counsel thus rendering -significant unfairness to this applicant when Applicant was willfully excluded from hearing on his pro-se motion for new trial causing the denial and deprivation of providing Applicant any chance or opportunity to 'subpoena-witnesses[Expansion Of The Records] to attend his hearing on motion for new trial; **Furthermore**, the facts of this case illustrates, that the Applicant was intentionally denied and deprived of any opportunity to face his 'Adverse-Witness [Former Trial Counsel], and nor was Applicant provided any opportunity to 'ceross-examine' adverse-witness[Former Trial Counsel], who testified by affidavit denying Applicant's allegations that counsel trial representation was 'inadequate, deficient and incompetent'.

This Applicant is fully aware of the fact, that The Texas Court Of Criminal Appeals' has failed to 'formulate' any Per-se rule, holding that a trial court 'Must' hear live testimony whether there's a factual-dispute in affidavits. See: Holden - V. State, 201 S.W.3d 761, 762(Tex.Crim.App. 2006)(Which Case Held, that it is not 'Always' error when a trial court decides a Motion-For-New-trial on the basis of affidavits on claims of 'ineffective-assistance' of counsel); However, aside from the above prescribed rule of law, as previously discussed by this Applicant, who has argured, that The Fourteenth Court Of Appeals' in this case had 'Ordered' the convicting court judge to hold-conduct hearing on this Applicant's [Pro-Se] Motion-For-New-Trial due to Applicant among-other-things arguring ineffective-assistance of counsel, Double Jeopardy violations, Judicial Misconduct, Prosecutorial Misconduct and Brady violations; Thus, the Applicant had not been given any opportunity to formally lodge his objections to the convicting court 'Ordering' new-trial hearing in this case to be held by affidavit in Applicant's absence...Specifically because the convicting court judge hadn't entered any 'Written-Orders' for Applicant to object too the court then holding new trial hearing[By Affidavit] from Applicant's former trial counsel.

In a case directly similar on point with Applicant's argument, is the case of Kincard V. State, 500 S.W.2d 487(Tex.Crim.App.1973), relied upon by this Applicant, as well as the reported case of, Klapesky V. State, 256 S.W.3d 442(Tex.App.-Austin 2008), which both of those defendants had argued on their appeals, that their

-13-

involuntarily-exclusion[Absence] from their -New Trial hearings violated their valuable rights to be physically present in the courtroom during a critical-stage of the proceedings against them; When The Texas Court Of Criminal Appeals, and The Austin Court Of Appeals addressed those contentions raised in Kincard and in Klapesky; The Texas Court Of Criminal Appeals' in Kincard, held that a Motion-For-New-trial hearing was a critical-stage of the proceeding, and that Kincard's right to be present during hearing on motion for new trial is 'Triggered' when the proceedings in question bears a substantial relationship to the opportunity to defend [Where Defendant's Presence Would Contribute To the Fairness Of The Process]; [See Also, Kentucky V. Stincer, 482 U.S. 730, 107 S.Ct. 2658, 96 L.ED.2d 631(1987)]; [United States V. Boyd, 131 F. 3d 951 (11Th Cir. 1997)]; However, The Austin Court Of Appeals' reaching a different result by finding, that although Klapesky did file objections in the convicting court concerning the court holding and/or conducting hearing on motion for new trial by aff- idavit[ONLY] in Klapesky's absence, including Klapesky arguring on appeal, that the convicting court 'erred' in holding his mot- ion for new trial hearing by affidavit- The austin Court Of App- eals' held, that Klapesky's motion for new trial 'Did' raise ma- tters[Ineffective-Assistance- Of Counsel] claims which were not 'Determinable' from the official trial/appellate court records; And The Court Of Appeals' in Klapesky found, that Klapesky would 'ordinary' be entitled to develope the records on his ineffective- assistance of counsel claims; However, The austin Court Of Appeals' in ruling against Klapesky, found that since Klapesky's motion for new trial 'wasn't' properly verified nor contained an 'inmate'

affidavit, that the convicting court did not 'err' by holding or conducting hearing on **Klapesky's** motion for new trial in **Klapesky's** absence by affidavits; **Thus**, The austin Court Of Appeals' never reached **Klapesky's** primary legal contention raised on his appeal, which contention was that Texas Rules Of Appellate Procedure, Rule 21.7, did not authorize nor give his convicting court judge the authority to hold motion for new trial(s) itself by affidavits- that is because **'Typically'**, Texas Rules Of Appellate Procedure, Rule 21.7, does allow and/or provide that **testimonial-evidence** to be given during hearings on motion for new trial(s); **However**, this Applicant **similarily** argues like **Klapesky**, that the language of **Texas Rules Of Appellate Procedure, Rule 21.7**, does not **imply** nor **suggest** any language that convicting courts' **'May'** hold the **actual-hearing** on motions for new trials by affidavits in convicted defendant's absence- especially when issues raised in motion for new trial aren't -'**Determinable**' from the official trial/appellate court records; **Furthermore**, in this case, **The Fourteenth Court Of Appeals'** on **Thomas** initial [First] appeal, had **'Already'** ruled and determined, that **Thomas'** Pro-Se motion for new trial raised certain issues which were not '**determinable**' from the official trial/appellate court records... This Applicant in further reliance in support of his arguments for "Remand' cites, **Rivera V. State**, 89 S.W.3d 55(Tex.Crim.App. 2002); **Scaggs-V. State**, 18 S.W.3d 277 (Tex.App.-Austin 2000), which cases stands for the legal proposition, that hearing on motion for new trial is **Mandatory** when motion raises issues not determinable from the official trial court records.

-15-

Additionally, this Applicant [Mckinley Dale Thomas], argues, that he unlike Klapesky, had timely and properly-correctly filed a 'verified' Motion-For-New-Trial- which motion was supported by a 'Sworn-Inmate Affidavit'; Furthermore, Applicant herein argues, that neither has The Convicting Court nor The Texas Court Of Criminal Appeals' had found nor listed any notice- defects' that would 'null' or 'void' this Applicant's Pro-Se Motion-For-New-Trial.

IV.

MANDAMUS REDRESS IN THIS CASE:

The records reflects, that after this Applicant had concluded The State's Appellate procedure, including concluding Discretionary Review process without much success found this Applicant availing himself of this State's Post-Conviction collateral process by this Applicant on or about August 27Th,2011, filing his habeas corpus application with The Harris County District Clerk's Office [With Instructions Such Habeas Corpus Application Was To Be Served Upon The Convicting Court And The Harris County District Attorney's Office], pursuant to Texas Code Of Criminal Procedure, Article 11.07; Also included within Applicant's habeas corpus filing, the Applicant also filed a 'verfied' Motion-For-Recusal pursuant to Texas Civil Practice And Remedy Code, Rules 18a and 18b, calling upon the convicting court judge [The Honorable Susan B. Brown] to be recused based upon the judge's 'conflict-of-interest' with the Applicant's Court-Appointed appellate-appeal attorney [Jimmy Phillips, Jr].

This Applicant's habeas corpus application after being served upon The State [Respondent], and The Convicting Court Judge[Res-

-16-

pondent-Judge], layed 'inactive-languishing' in The Convicting Court for some nineteen[19] months without any resolution regarding the habeas corpus application filed by this Applicant nor had there been any resolution regarding the recusal motion filed by this Applicant when he filed his habeas corpus application with The Convicting Court.

Although there had been no resolution regarding the recusal motion filed by this Applicant- Nonetheless, The Convicting Court judge on September 21st,2011, designated certain of Applicant's habeas issues in violation of the statute language of Texas Civil Practice & Remedy Code, Rules 18a[c] and [d].

Therebyas, The Convicting Court Judge's designation of the habeas issues in spite of Recusal Motion filed and pending resolution, including the fact of this Applicant's habeas corpus application laying 'dormant' for some 'nineteen[19] months, caused this Applicant on March 1st,2013, into petitioning The Texas Court Of Criminal Appeals for 'Mandamus' relief by complaining among other things, that more than thirty-five[35] days had elapsed since Applicant his habeas corpus application in The Convicting Court, and that there had not been entered any 'Valid-Order' tolling the 35-day time limitation issued by The Convicting Court Judge- although there had been entered an 'Order' designating the habeas issues, such 'Order' was invalid and of non-effect.

Nevertheless, The Texas Court Of Criminal Appeals' acting in response to this Applicant's Petition-For-Writ-Of-Mandamus -Ordered

-17-

pondent-Judge], layed 'inactive-languishing' in The Convicting Court for some-nineteen[19] months without any resolution regarding the habeas corpus application filed by the Applicant, including there had not been any resolution pertaining to the Recusal Motion filed by Applicant when filing his habeas corpus application in The Convicting Court.

Although there hadn't been any resolution regarding the Recusal Motion filed by this Applicant... 'Nonetheless', The Texas Court Of Criminal Appeals Ordered The Respondents'[The Honorable Susan B. Brown And The State], on March 27Th,2013, that within thirty[30] days of March 27Th,2013, To forward to The Texas Court Of Criminal Appeals...Applicant's habeas corpus application, or The Court's written statement that 'NO' habeas corpus application had been received from Applicant nor filed...or any findings of facts & conclusions of law... and that either the habeas corpus application and The Court's findings must be forwarded to The Texas Court Of Criminal Appeals' within thirty[30] days of March 27Th,2013[ SEE: TEXAS COURT OF CRIMINAL APPEALS, MANDAMUS ORDER-DATED : MARCH 27TH,2013, Writ No. 13-702-08] ; And The Texas Court Of Criminal Appeals placed the enforcement of their mandamus authority in Abeyance until Respondents complied with The Court Of Criminal Appeals 'Order'.

Howbeit, The Respondent [The State] by and through The Harris County District Attorney's Office On April 10Th,2013, filed State's Proposed Findings Of Facts, And Conclusion Of Law, And Order requesting that The Convicting Court adopts State's proposed findings and conclusion of law, which proposed order 'recommended' that the

-18-

Convicting Court 'Recommend' to The Texas Court Of Criminal Appeals', that habeas corpus relief be 'Denied' to this Applicant; This Applicant has argured in his **Written-Objections & Traverse To The Return** [Dated: May 1st,2013], that **The State** [Respondent] **findings and recommendations** weren't based upon any of those habeas corpus **claims-allegations** which had been raised by this Applicant in his **August 27Th,2011,** habeas corpus application.

**Nonetheless,** The **State**[Respondent], argured that **habeas corpus** review and relief should be 'Recommended' denied to Applicant based upon Applicant's [Un-Supported] record-claims of **ineffective-assisatance** of counsel claims raised by this Applicant **some five[5] years** ago that were previously raised by Applicant in his **Pro-se 'Motion-For-New-trial'** filed **February 1st,2008,** which that **Motion-For-New-Trial-** The State [Respondent] and The Convicting Court [Respondent-Judge], had opposed and which **'Motion-For-New-Trial** was decided and 'Denied' by The Convicting Court judge in this Applicant's **'Involuntarily-Absence'** on **November 10Th,2009,** as such denials, including the manner in which hearing on **Motion For New Trial** was held and/or conducted by The Convicting Court judge, is the **subject** of this Applicant's numerous **written-objections.**

The **Respondent's** [The State's], in their **late-filed** response to this Applicant's **August 27Th,2011,** habeas corpus claims, if looked at closely, are really in **'ESSENCE'** is a 'repetitive' attempt once again by Respondent [**The State**], in answering and/or responding to those claims of Applicant's trial counsel's **ineffectiveness** raised by this Applicant in his -Pro-Se 'Motion-For-

-19-

New-Trial filed by Applicant **some seven[7] years-ago** as of the filing of instant filing of this request for an evidentiary hearing, which Applicant's **'Motion-For-New-Trial'** claims-allegations were not supported by any **recital** nor **reference** to the official trial court records; And despite of such failures, **The State** lacking any other defense to Applicant's habeas corpus claims -allegations **'Erronerously'** asserts, as if arguring for The Texas Court Of Criminal Appeals' to**'Apply'** a **Texas Code Of Criminal Procedure, Article 11.07, § 4[a], Successive Writ Petition Bar** against this Applicant by State arguring, **that since a 'Vast'** majority of the Applicant's **ineffective-assistance** of trial counsel claims had **'ALREADY'** [Once] previously been **reviewed, addressed** and **rejected-** that Applicant's **'habeas claims'** are **'Without'** merits, and **therefore**, should be denied [**SEE: State-Respondent's Original Answer- Dated: April 10Th,2013, at p. 2**].

The Applicant, in response to **The State's [Respondent's]** assertions, that Applicant's **ineffective-assistance** of counsel claims has already been reviewed, addressed and rejected via Applicant's **'Motion-For-New-Trial** hearing held-conducted by The Convicting Court **[Respondent-Judge]**, the Applicant in **opposition**, that The State **[Respondent]**, had not been **fact-specific** nor clear **precisely** as to which claims of **ineffective-assistance** of counsel had been previously raised by Applicant in a **Pro-Se Motion-For-New-Trial -** **which** had been litigated and controverted by Applicant's former trial counsel's **sworn-affidavit** presented to The Court on **October 28Th,2009.**

-20-

Even Though this Applicant, **otherwise** wouldn't at this **late-date** seek to make any **'BELATEDLY'** attempts to [Continually] lodge and/or voice his **objections** concerning the manner and/or way that the convicting court held, or conducted hearing on Applicant's **Pro-Se 'Motion-For-New-trial** held in this Applicant's **'Involuntary-Absence'**; But since The Respondents' [Judge And State] attempts to use the results **generated** from that hearing on Applicant's **Pro-Se Motion For New Trial** as a reason why habeas corpus **review** and **relief** should be **'DENIED'** to this Applicant forces Applicant to **continually** objecting to hearing on his motion for new trial lacking any **semi-balance** of **Due Process** of the law.

It is **'ONLY'** some **twenty-four[24]** months has The Convicting Court judge, so it appears, has **'FINALLY'** complied with The Texas Court Of Criminal Appeals **March 27Th,2013**, and The Texas Court Of Criminal Appeals' **Clerk's** letter dated **June 5Th,2013**, does The Respondent [**Judge**], appears to comply with the **'Mandamus Orders'** entered in this case by Respondent [**Judge**] on **January 5Th,2015**, finally **Adopting** The State's [**Respondent's**] Proposed Findings Of Facts, And Conclusion Of Law- which **'Recommended'** habeas corpus relief be **'Denied'** this Applicant not based upon Applicant's habeas claims, but that habeas relief be **'Denied'** Applicant based upon Applicant's **ineffective-assistance** claims-allegations having been **revciewed, addressed** and **rejected** previously **once-before** by The Court via Applicant's **-Pro-Se Motion For New Trial**; And it is Respondent's **'ERRONEROUS'** assertions which causes Applicant to **continually** voice his **Pro-Se Objections-**

-21-

## THE DUE PROCESS OF LAW REQUIREMENTS:

This Applicant herein, 'QUESTIONS' whether case law authority, or statute law grants and/or guarantees Applicant the right of being **PHYSICALLY** present [Presence], in the courtroom concerning issues pertaining to his 'criminal-conviction' during hearing on his Pro-Se 'Motion-For-New-Trial held in his **involuntarily-absent** when the **actual-results** generated, or taken from that hearing at a later date are being used to 'Deny' or 'Deprive' an accused-convicted defendant of his 'Constitutional right to habeas corpus review, or relief.

This Applicant argues, that the case law authority and statute law seams to support Applicant's legal contention, that Applicant have the right under the **Due Process Clause [Fifth & Fourteenth United States Constitutional Amendments]**, to 'NOTICE of any hearing where his **liberty rights, or property rights** are affected;And Applicant **interpretates** case law authority and statutory authority to grant and/or guarantee this Applicant the **Due Process** right to defend whenever his liberty **[Freedom Rights]**, or property rights are at stake of being taken away from him; **Therefore,** Applicant argues, that **surely** The Fourteenth Court Of Appeals' -when they **initially reviewed, abated** and **remanded** these proceedings [Applicant's Pro-Se Motion For New Trial] back to the convicting court, **with 'Orders'[Instructions]** for the convicting court to hold-conduct hearing on **Motion-For-New-Trial**- Then The Court Of Appeals' must had known, that such an 'Abatement' [Instructions] were -

an 'inadequate method' for 'Expanding' the records and/or developing the **facts necessary** in establishing Applicant's **Pro-Se** claims-allegations of **ineffective-assistance** of counseling raised in Applicant's [**Pro-Se**] Motion-For-New-Trial; **Furthermore**, Applicant herein argues, that **The Fourteenth Court Of Appeals'** must had known, or must had been aware of the fact, from previous cases on appeal, that The Convicting Court judge would not coṅduct, or **hold** any 'actual-live' hearing on this Applicant's **Pro-Se** "Motion-For-New-Trial" as 'Only' in a few [**Rare**] reported cases which had been 'Remanded' for hearings on 'Motions-For-New-Trial(s) has such process actually proven successful and/or has actually worked. <u>See For Example:</u> <u>Morales V. State</u>, 253 S.W.3d 686(Tex.Crim.App. 2008); <u>Robertson V. State</u>, 187 S.W.3d 475 (Tex.Crim.App. 2006); <u>Armstrong V. State</u>, Ap -75706, 2010 WL 359020(Tex.Crim.App. 2010); <u>Cook V. State</u>, 240 S.W.3d 906 (Tex.Crim.App. 2007).

## APPLICANT'S LEGAL ANALYSIS:

This Applicant herein, argues, that if **Respondents** [**Judge And The Harris County District Attorney**], are allowed to continually **successfully** argue, as they thus far has been allowed to do, argur-ing for the 'denial' and/or 'rejections' of Applicant's habeas corpus application based upon **Respondent's** arguments [**Without Any Authoritatively Legal Precedent In Support**], that because the Applicant 'identical' claims of **ineffective-assistance** of counseling has [**Already**] previously been 'reviewed' and 'rejected' by Respondents' during hearing on Applicant's **Pro-Se** 'Motion-For-New-Trial [**Held In This Applicant's Involuntary-Absence**], that it is not **necessary** to review and/or address those claims-allegations raised

-23-

by Applicant in his **Pro-Se 'Motion-For-New-Trial'** [**Ineffective-Assistance Of Counseling Claims**]; As this Applicant argues in 'Opposition', that the hearing on his **Pro-Se "Motion-For-New-Trial"** is a **nullity** and 'void' as having no **real-genuine** legal effect as the 'hearing' and 'order' held and issued in Applicant's 'involuntary-absence [Absent] violated Applicant's rights under **The Due Process Clause-** when Applicant failed to receive 'Notice' when the new trial hearing would be held; And **Equally** as well, Applicant's rights under the 'Due Process' clause was violated, when Applicant was 'denied' and 'deprived' of the opportunity to 'Defend' his **Motion-For-New-Trial** claims-allegations- when Applicant's **Motion-For-New-Trial** hearing was held in Applicant's absence as Applicant had the right to be 'Physically' present when hearing on his **Pro-Se 'Motion-For-New-Trial'** was held. See: Adanandus V. State, 866 S.W.2d 210 (Tex.Crim.App. 1993).

Thus, this Applicant's **legal arguments** herein, are based on the **premise**, that for well over **one hundred** and **thirty-five** [35] years, here in **The State Of Texas**, well settled case law authority and statutory authority and its' provisions have guaranteed criminal defendants', such as this Applicant, the right to be 'Physically' present [Presence] in the courtroom during **Motion For New Trial** hearings; And case law authority holds, that if such **Motion For New Trial** hearing is heard and determined in a defendant's absent [Absence], and his presence is not 'waived', and he objects to not being present [Presence], reversal is required. See: Gibson V. State, 3 CR.P. 437(1878); Berkley V. State, 4

-24-

CR.P. 122 (1878); <u>Henderson V. State</u>, 127 S.W.2d 902(Tex.Crim.
App. 1939); <u>Phillips V. State</u>, 288 S.W.2d 775 (Tex.Crim.App.1956).


Furthermore, Applicant argues, in accordance with **Texas sta-**
**tutory law**, pursuant to **Texas Code Of Criminal Procedure, Arti-**
**cle 37.03,** which statute provides in pertinent part as follows:


<u>THat In All Prosecutions For Felonies...</u>
<u>Defendants Must Be Personally Presence</u>
<u>At Trial</u> .

Also, it is presently the applicable rule of law, which stands
for the **'legal-proposition'**, that a **'Hearing'** is formally defined
as a **'Formal-Proceeding'** similar to a criminal trial proceeding.
<u>See</u>: <u>Barnett V. State</u>, 338 S.W.3d 680 (Tex.App.-Texarkana 2011);
<u>Gore V. State</u>, 338 S.W.3d 669 (Tex. App.-Eastland 2010); <u>Gore V.-</u>
<u>State</u>, 332 S.W.3d 669 (Tex.App.-Eastland 2010). See Also, **Texas**
**Code Of Criminal Procedure, Article 33.03.**


Based upon the above legal precedent and statute law in support
of same, this Applicant argues that **The Respondents'** knew as of
**August 4,2009,** and as of **September 3,2009,** [Letter Dated: **August**
**4Th,2009- Attached To September 3rd,2009, Motion To Withdraw]**, that
this Applicant expressed and made his desire known that he wished
to attend hearing on his **Pro-Se 'Motion For New Trial'** [See: App-
eal Hearing Records- **RR. VOL. I.,p. 8-Thru-11**]; And although the
Applicant's request to represent himself was 'Denied' by the
convicting court judge[See: Appeal Hearing Records: **RR.VOL. I., p.**
**11**]; And **even though** this Applicant **'Threatened'** to **'Boycott'** the

-25-

'Hearing' on his **Pro-Se** '**Motion Fore-New Trial**'; This Applicant's 'Threats' of a 'Boycott' ever 'materialized' due to **Respondent-Judge's** intent all alone of holding and/or conducting hearing on Applicant's **Pro-Se** '**Motion-For-New-Trial**' in this Applicant's 'Absence' [Absent] [See: Appeals Court Hearing Record: RR. VOL. I.,p. 11].

Therefore, this Applicant asserts, that the '**hearing**' on his **Pro-Se** '**Motion-For-New-Trial**' was an '**adversarial process**',where The Convicting Court judge and The State '**opposed**' among other things, Applicant's **ineffective-assistance** of counsel claims and allegations that were raised by Applicant in his **Pro-Se** '**Motion-For-New-Trial**'; Which results of that **hearing**[Motion For New Trial], that The **Respondent-Judge** and Respondent [**The State**] now seeks to **utilize** against this Applicant to '**deny**' and '**deprive**' this Applicant his **State** and **Federal** constitutional right to habeas corpus **review** and **relief**; And **Therebyas**, used by Respondents' to continue this Applicant in his **unlawful** and **illegal** confinement. See: <u>Kentucky V. Stincer</u>, 107 S.Ct. 2658 (1987); <u>Iowa V-Tovar</u>, 124 S.Ct. 1379 (2004).

However, because The **Respondents'** knew that if Applicant was given any chance or opportunity to prove and/or fully develope his **habeas corpus** claims and allegations, **if proven true**, would '**affect**' Applicant's criminal conviction; That it is '**requested**' that **Respondents'** contentions and/or attempts to '**deny**' and '**deprive**' this Applicant of his right to habeas **review** and **redress** will be '**rebuffed-rejected**' by The Justices For The Texas Court

Of Criminal Appeals. See: <u>United States V. Boyd</u>, 131 F.3d 951
(11Th Cir. 1997).


## VI.

### CONCLUSIONS AND PRAYERS


WHEREFORE, PREMISES CONSIDERED, THE Applicant, **Mckinley Dale
Thomas**, respectfully prays, that The Texas Court Of Criminal
Appeals after consideration of this **'Motion'** will **'REMAND'**-These
habeas proceedings back to The Convicting Court with **'Instruct-
ions'** to **'APPOINT'** Applicant habeas counsel **[If Applicant Is In-
digent, Or Unless Applicant Retains Counsel]**, including, **'Order-
ing'** The **[Evidentiary]** Convicting Court judge to **'conduct-hold'**
a **'Full-Blown'** **[LIVE]** evidentiary hearing on Applicant's habeas
corpus application as justice so requires.


Respectfully Submitted,

*McKinley Dale Thomas*
MCKINLEY DALE THOMAS
TDCJ-ID# 1484717
ALLEN B. POLUNSKY UNIT
3872 FM 350 South
LIVINGSTON, TEXAS 77351

-27-

## VII.

## CERTIFICATE OF SERVICE

I, **Mckinley Dale Thomas**, hereby certify, that a true and correct carbon copy of this pleading attached to this instrument has this _3Rd_ day of _MARch_ , 2015, has been mailed by United States Postal service, addressed To:[**Chris Daniel**] Harris County District Clerk, for service upon the following:

**The Hon. Susan B. Brown**
185Th Criminal District Court Judge
1201 Franklin
Houston, Texas 77002

**Baldwin Chin,**
Assistant Disttrict Attorney
Harris County District atty.
1201 Franklin, STe#600
Houston,Texas 77002

_Mckinley Thomas_
Mckinley Dale Thomas
TDCJ-ID# 1484717
Allen B. polunsky Unit
3872 FM 350 South
Livingston,Texas 77351